IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAULETTE L. CARRUTHERS,   :
        :
    **Plaintiff,**      :
        :   **CIVIL ACTION**
v.        :   **FILE NO. 1:10-CV-3123-WSD-LTW**
        :
BAC HOME LOANS SERVICING,:
LP, FKA COUNTRYWIDE HOME:
LOANS SERVICING LP,    :
        :
    **Defendant.**     :

**BAC HOME LOANS SERVICING, LP'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

## I.    INTRODUCTION

Defendant BAC Home Loans Servicing, LP ("BAC" or "Defendant") (improperly-named as "BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing LP"), hereby moves to dismiss the Amended Complaint filed by Plaintiff Paulette L. Carruthers (the "Plaintiff"). Like Plaintiff's Original Complaint, the Amended Complaint fails to articulate any actionable claims against BAC. Plaintiff's Amended Complaint does not comply with this Court's pleading standards and fails to state a claim under any of the legal theories asserted. Pursuant to Rule 12(b)(6), the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

## II.   BACKGROUND

On August 27, 2010, Plaintiff filed a complaint (the "Original Complaint") in the Superior Court of Fulton County. BAC timely removed Plaintiff's Original Complaint to this Court and filed a motion to dismiss the Original Complaint (the "Original Motion to Dismiss") because the Original Complaint failed to state a claim against BAC. In response, Plaintiff filed both an Amended Complaint and an Opposition to BAC's Original Motion to Dismiss (the "Opposition"). The Amended Complaint appears to have mooted the Original Motion to Dismiss. BAC submits this motion to dismiss the Amended Complaint because, like the Original Complaint, it fails to articulate any actionable claims against BAC.

Plaintiff's Amended Complaint contains virtually no relevant factual allegations regarding the circumstances giving rise to her lawsuit.[1] According to her Amended Complaint, Plaintiff appears to allege that she received a loan with respect to certain real property located at 195 14th Street, 701, Atlanta, Georgia 30309. (Am. Compl. ¶ 7). Plaintiff further alleges -- in a wholly conclusory manner -- that BAC violated various state and federal laws. As shown more fully below, all

---

[1] On a motion to dismiss for failure to state a claim, the Court accepts the truth of facts alleged in the complaint. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Accordingly, the facts recited herein are the facts alleged in the Amended Complaint. BAC does not admit that any of the facts alleged in the Amended Complaint are true.

of Plaintiff's claims are grossly overbroad and lack the minimum specificity required to fairly apprise BAC of the basis for Plaintiff's action; all such claims fail as a matter of law.[2]

### III.   ARGUMENT AND CITATION OF AUTHORITY

Every count of Plaintiff's Amended Complaint brought against BAC fails as a matter of law, both because Plaintiff has not pleaded any actionable claim, and because every count lacks the minimum specificity required to fairly apprise BAC of the basis for Plaintiff's action.

### A.   The Amended Complaint fails to comply with the Federal Rules' permissive pleading requirements.

Plaintiff's Amended Complaint fails, as a matter of law, because she provides no relevant factual support for her legal conclusion that BAC harmed Plaintiff. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (May 18, 2009). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Iqbal*, Plaintiff is required to plead facts to support a reasonable

---

[2] As of the date of this filing, BAC has not been properly served with process in this matter. BAC reserves all rights to contest the service on BAC and hereby gives notice that unless service is perfected within the time allowed by Rule 4(m), it will also seek dismissal pursuant to Rule 12(b)(5) based on Plaintiff's insufficient service of process.

inference that there has been a violation. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. Simply concluding that BAC harmed Plaintiff completely fails to meet minimum pleading standards. *See Iqbal*, 129 S. Ct. at 1949.

Further, although the Court accepts the truth of the facts alleged in the complaint when considering a motion to dismiss, *see Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992), the Court does not accord such deference to allegations of opinion and legal conclusions. *See South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). To properly state a claim, Plaintiff must allege a factual basis for each element of each claim she asserts, setting forth "enough factual matter (taken as true) to suggest [each] required element." *See Watts v. Fla. Intern. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that the defendant has acted unlawfully.

*Iqbal*, *supra*, at 1949 (internal quotations and citations omitted).

Applying these principles, the Court should dismiss Plaintiff's Amended Complaint because she has not alleged sufficient facts to "nudge[] [her] claims . . . across the line from conceivable to plausible." *Id*. at 1951. Plaintiff's Amended

Complaint fails to sufficiently describe how Plaintiff alleges that BAC harmed her or violated the law. Plaintiff makes various stray allegations concluding that BAC violated certain statutes or otherwise harmed her, but provides no factual detail regarding BAC's purported actions. Thus, Plaintiff fails to allege relevant facts in support of her legal theories. *See id.* Plaintiff's factual allegations, such that they are, merely consist of generalized conclusions. Although Plaintiff makes allegations in the Amended Complaint that were not in her Original Complaint, none of these new allegations provide any factual information regarding Plaintiff's experiences -- Plaintiff simply asserts more impermissible legal conclusions. (*See, e.g.,* Am. Compl. ¶¶ 22, 25, 29, 32). Because Plaintiff has failed to plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face," *Iqbal, supra,* her claims should be dismissed pursuant to Rule 12(b)(6).

Perhaps more damningly, all of Plaintiff's filings in this case have been canned filings virtually identical to the filings used in other unrelated cases. As noted in the Original Motion to Dismiss, Plaintiff's Original Complaint was virtually identical to the complaints filed by at least two other plaintiffs with cases against BAC pending in the Northern District of Georgia, Adrian D. Graham and Rashane DeLoach. *See, e.g., Graham v. BAC Home Loans Servicing, LP*, Civil Action No. 4:10-CV-00158-HLM-ECS, Compl. (N.D. Ga. Sep. 29, 2010) (attached

to the Original Motion to Dismiss as Exhibit A); *DeLoach v. BAC Home Loans Servicing, LP*, Civil Action No. 1:10-CV-03045-CAP-ECS (N.D. Ga. Sep. 22, 2010) (attached to the Original Motion to Dismiss as Exhibit B). Plaintiff's newest filings highlight the strikingly canned nature of her allegations. Plaintiff's Amended Complaint and Opposition are both virtually identical to the amended complaints and oppositions to BAC's motion to dismiss filed by Mr. Graham and Mr. DeLoach -- and all were filed on the same day. *See Graham v. BAC Home Loans Servicing, LP*, Civil Action No. 4:10-CV-00158-HLM-ECS, Am. Compl. (N.D. Ga. Oct. 27, 2010) (attached hereto as Exhibit A); *Graham v. BAC Home Loans Servicing, LP*, Civil Action No. 4:10-CV-00158-HLM-ECS, Opp. (N.D. Ga. Oct. 27, 2010) (attached hereto as Exhibit B); *DeLoach v. BAC Home Loans Servicing, LP*, Civil Action No. 1:10-CV-03045-CAP-ECS, Am. Compl. (N.D. Ga. Oct. 27, 2010) (attached hereto as Exhibit C); *DeLoach v. BAC Home Loans Servicing, LP*, Civil Action No. 1:10-CV-03045-CAP-ECS, Opp. (N.D. Ga. Oct. 27, 2010) (attached hereto as Exhibit D). This Court has admonished such "copy and paste" practice. *See, e.g., Meads v. JP Morgan Chase Bank, N.A.*, Civil Action No. 1:10-CV-01339-CC-RGV, R&R at 8 (N.D. Ga. Aug. 23, 2010) (attached to the Original Motion to Dismiss as Exhibit C) (noting that the plaintiff's complaint "appears to have been pulled 'off of the internet,' which 'diminishes what limited

credibility the complaint may have enjoyed'"). It is clear based on the boilerplate nature of Plaintiff's allegations that Plaintiff's Amended Complaint contains no relevant factual allegations specific to her claims against BAC - whatever those may be.

Because Plaintiff does nothing more than conclude that BAC's actions have somehow harmed her, all of her claims against BAC should be dismissed outright for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

**B.    The Amended Complaint fails to state any actionable claim.**

To the extent that any legal theories can be discerned from Plaintiff's Amended Complaint, those theories fail as a matter of law. Plaintiff's Amended Complaint is still a confusing jumble of allegations and theories. As stated above, each and every claim in Plaintiff's Amended Complaint should be dismissed because Plaintiff has again simply submitted a canned, non-specific pleading. To the extent that any legal theories against BAC can be discerned from the Amended Complaint, however, those theories fail as a matter of law.

*1.    Any Truth in Lending Act ("TILA") claim is time-barred.*

Any claim asserted by Plaintiff for damages pursuant to TILA is barred by the relevant statute of limitations. (Am. Compl. ¶¶ 13, 15). All TILA damages

claims must be brought "'within one year from the date of the occurrence or violation.' 15 U.S.C. § 1640(e)." *Velardo v. Fremont Inv. & Loan*, 298 Fed. Appx. 890, 892 (11th Cir. 2008). A violation of TILA, if any, occurs when the transaction is consummated. *Smith v. American Fin. Sys*. 737 F.2d 1549, 1552 (11th Cir. 1984) (*citing Wachtel v. West*, 476 F.2d 1062 (6th Cir. 1973)). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Velardo*, 298 Fed. Appx. at 892.

Plaintiff's loan closing occurred on April 21, 2006.[3] Thus, Plaintiff's claim accrued on or before April 21, 2006, the time when she alleges the loan transaction was closed. Plaintiff filed her Original Complaint on August 27, 2010, over four years later. Therefore, because it was not brought within the one-year limitations period, Plaintiff's TILA damages claim is time-barred and should be dismissed with prejudice.

---

[3] *See* Security Deed and Assignment attached to the Original Motion to Dismiss as <u>Exhibit D</u>. The Security Deed and Assignment may be considered on a motion to dismiss because they are public records. *See Harford v. Delta Air Lines, Inc.*, 2008 U.S. Dist. LEXIS 6838, *5 (N.D. Ga. Jan. 30, 2008) ("[T]his Circuit and others have relaxed that rule to allow the Court to take judicial notice of certain documents attached to a motion to dismiss, without converting the motion to one for summary judgment. These documents include public filings required to be and actually filed with the Securities and Exchange Commission, public records, and public filings in other district courts") (citations omitted).

Further, to the extent that Plaintiff is attempting to assert a right to rescission under TILA, such right has expired. TILA rescission claims are subject to a three-year statute of limitations. 15 U.S.C. § 1635(f). As Plaintiff's loan closing occurred more than four years prior to the filing of Plaintiff's Original Complaint, any rescission claim is time-barred.

2.   *Plaintiff does not state a RESPA claim against BAC.*

Plaintiff also invokes RESPA in her Amended Complaint. (Am. Compl. ¶¶ 16, 30). Not only would any RESPA claim be barred by the applicable statute of limitations, but also Plaintiff has not pleaded any actionable violation of RESPA. Plaintiff's allegations could, theoretically, be an attempt to invoke RESPA requirements regarding settlement statements and related closing documentation. (12 U.S.C. §§ 2603, 2604). RESPA does not, however, provide a private right of action for violations of those sections. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367–68 (11th Cir. 1997) (holding that there is no private right of action for failure to provide an adequate good faith estimate under 12 U.S.C. § 2604(c)). Section 2614 of RESPA limits private rights of action to violations of 12 U.S.C. §§ 2605, 2607, and 2608.

Regardless, any RESPA claim is barred by a one-year statute of limitations for a violation of § 2607 and § 2608 and a three-year statute of limitations for a

violation of § 2605. 12 U.S.C. § 2614. As Plaintiff's loan was closed on April 21, 2006 and Plaintiff filed her Original Complaint August 27, 2010, any RESPA claim based on the closing would be barred by the applicable statute of limitations. Thus, any RESPA claim should be dismissed.[4]

  3. *Any claim under the Fair Debt Collection Practices Act ("FDCPA")*
    *fails as a matter of law.*

  With respect to any claim made by Plaintiff under the FDCPA, (Am. Compl. ¶¶ 14, 33–39), Plaintiff has not stated a claim. The FDCPA applies only to "debt collectors" within the meaning of the FDCPA. *Humphrey v. Washington Mut. Bank, F.A.*, 2007 U.S. Dist. LEXIS 40279, at *4 (N.D. Ga. June 1, 2007). Plaintiff has alleged neither that BAC was a "debt collector" within the meaning of the FDCPA, nor that Plaintiff's debt was in default at the time BAC acquired it. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of

---

[4] Additionally, Plaintiff fails to plead an actionable RESPA violation because she does not allege actual damages. *See Saldate v. Wilshire Credit Corp.*, 2010 U.S. Dist. LEXIS 28220 at *16 (E.D. Ca. Feb. 11, 2010) (the plaintiff's "conclusory allegation that [the plaintiff] 'has suffered and continues to suffer damages' fails to support an actionable violation under" RESPA); *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010) (holding that a plaintiff must plead facts to suggest that the plaintiff suffered actual damages as a result of a RESPA violation). Plaintiff does not allege any damages as a result of the alleged RESPA violation.

a debt, as long as the debt was not in default at the time it was assigned"). Thus, Plaintiff cannot state a FDCPA claim as a matter of law.[5]

### 4.   *Plaintiff has not alleged any actionable fraud.*

Plaintiff appears to make a fraud-based claim in her Amended Complaint. (Am. Compl. ¶¶ 21–31, 41–46). Plaintiff fails to plead fraud with particularity and fails to plead actionable fraud; thus, her fraud-based claim should be dismissed.

### a.   Plaintiff has not pleaded fraud with particularity.

Plaintiff fails to plead fraud with particularity. Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Such particularity is required to ensure that defendants have fair notice of "the precise misconduct with which they are charged" and to safeguard defendants against "spurious charges of immoral and fraudulent behavior." *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006). The Eleventh Circuit has held that the particularity requirement of Rule 9(b) is satisfied if the complaint alleges:

---

[5] Further, the FDCPA deals with debt collection practices. *See generally* 15 U.S.C. § 1692 *et seq.* All of the allegations regarding the FDCPA, however, appear to pertain to loan servicing and origination issues -- not debt collection practices. (Am. Compl. ¶¶ 34–38). Thus, even if the FDCPA were applicable to BAC, none of the allegations made by Plaintiff with respect to the FDCPA would amount to a violation of the FDCPA.

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations and quotations omitted).

The Amended Complaint in this case fails to satisfy the particularity requirement. Plaintiff alleges that BAC made fraudulent misrepresentations and otherwise engaged in fraud. (Am. Compl. ¶¶ 21–31, 41–46). Although Plaintiff does refer to the subject matter of the alleged statements at issue, she does not allege by whom they were made, when they were made, or to whom they were made. Indeed, Plaintiff's fraud allegations are mere conclusions. Such pleading does not satisfy Rule 9(b).

      b.     Plaintiff's allegations do not constitute fraud.

Even if they were pleaded with particularity, Plaintiff's vaguely described allegations of misrepresentations or omissions are not actionable, as a matter of settled law. For instance:

- Plaintiff appears to make allegations invoking the alleged "vapor money" theory, which has no legal basis. (Am. Compl. ¶¶ 22, 23, 26, 27). Plaintiff

contends that BAC "convert[ed] the note into a mortgage-backed security bond," (*id.* ¶ 22), and that BAC "intentionally converted the promissory note into a reusable check for face value of the note," (*id.* ¶ 26). Plaintiff appears to claim that BAC is merely some sort of conduit for loan funding, or that they are "creating" money. *Id.* This Court has explicitly rebuked this argument, noting that

> [w]hile is may well be true that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure

*Searcy v. EMC Mortgage Corporation*, Civil Action No. 1:10-CV-0965-WBH, Order at 2 (N.D. Ga. Sep. 30, 2010) (attached hereto as <u>Exhibit E</u>). Other federal courts across the country have routinely rejected this theory as a basis for alleged wrongdoing. *See, e.g.*, *United States v. Schiefen*, 926 F. Supp. 877, 880–81 (D.S.D. 1995) (rejecting arguments that there was insufficient consideration to secure promissory note, and that lender had "created money" by means of bookkeeping entry); *McLehan v. Mortgage Elec. Registration Sys.*, 2009 WL 1542929, at *2 (E.D. Mich. June 2, 2009) ("the vapor money theory, however, and 'similar arguments have been

rejected by federal courts across the country'") (citations omitted); *Carrington v. Fannie Mae*, 2005 U.S. Dist. LEXIS 31605, at *8 (E.D. Mich. Nov. 29, 2005) ("Plaintiff's contentions relating to the validity of the United States monetary system and the way in which banks 'create' money, arguments that have repeatedly been found to be without merit. His presentation is fundamentally absurd and obviously frivolous. It is a claim stated in bad faith"). As these courts have recognized, there is simply nothing fraudulent about the funding process for Plaintiff's loan. Plaintiff's fraud claim based on the "vapor money" theory is, therefore, not actionable.

- Plaintiff asserts that BAC failed to fully disclose the terms that would apply to the loan. (Am. Compl. ¶¶ 22, 26). Because Plaintiff signed the loan closing documents that set forth the terms about which she now complains, *id.*, such allegations are inactionable: "[o]ne not prevented from reading the contract, and having the capacity and opportunity to do so, cannot after signing it claim she was fraudulently induced to sign by promises which contradict the express terms of the contract." *Results Oriented, Inc. v. Crawford*, 245 Ga. App. 432, 438 (2000); *Citizens Bank, Vienna v. Bowen*, 169 Ga. App. 896, 897 (1984) ("Even if [defendant's representative] was in a hurry to have the documents signed, there is nothing to show that this

presented such an emergency as to prevent [plaintiff] from reading the papers he signed"); *Hwang v. JPMorgan Chase & Co.*, No. 2009CV2799, Order at 5 (Ga. Super. Ct. Sep. 21, 2010) (attached hereto as <u>Exhibit F</u>).

- Plaintiff's allegations with regard to justifiable reliance are also insufficient. (Am. Compl. ¶¶ 29, 30, 26). "[I]n an arms-length business or contractual relationship there is no obligation to disclose information which is equally available to both parties." *First Union Nat'l Bank of Georgia v. Gurley*, 208 Ga. App. 647, 649 (1993). In such a transaction, a plaintiff only maintains an actionable fraud claim if he can show that he "exercised due care to discover the fraud." *Id.* "[T]here is no legal relief afforded when one blindly relied on the representations of the [other party] as to matters of which he could have informed himself." *Id.*

- For the same reason, any claim based on concealment fails. (Am. Compl. ¶¶ 22, 23). "Georgia law is abundantly clear that an obligation to disclose must exist before a party may be held liable for fraud based upon the concealment of material facts." *Infrasource, Inc. v. Hahn Yalena Corp.*, 272 Ga. App. 703, 704 (2005) (internal quotation marks and citations omitted). "In the absence of a confidential relationship, no duty to disclose exists when parties are engaged in arm's-length business negotiations." *Id.*; *see also Freese v.*

*Bank of America*, No. 1:09-CV-3675-CAP-RGV, R&R at 27–29 (N.D. Ga. June 8, 2010) (attached hereto as Exhibit G) (adopted June 29, 2010) (plaintiff's "fraud claims based on concealment are not actionable under Georgia law.") (internal citations omitted); *Lilliston v. Regions Bank*, 288 Ga. App. 241, 243 (2007) ("no confidential relationship exists between a bank and its customers or others with whom the bank deals"); *Pardue v. Bankers First Fed. Savings & Loan Ass'n*, 175 Ga. App. 814, 815 (1985).

Because she failed to allege fraud with particularity and failed to articulate any actionable fraud, Plaintiff's fraud claim fails as a matter of law.[6]

> 5.   *Plaintiff cannot make a claim for "extortionate credit transaction" under 18 U.S.C. § 891 et seq.*

Plaintiff invokes a criminal statute, 18 U.S.C. § 891 *et seq.*, in her Amended Complaint and appears to make a claim under that statute. (Am. Compl. ¶ 32). This

---

[6] Additionally, Plaintiff's fraud-based claims are time barred. O.C.G.A. § 9-3-31 requires that actions for injuries to personalty be brought within four years after the right of action accrues and this section applies to actions based on fraud. *See, e.g., Willis v. City of Atlanta*, 265 Ga. App. 640 (2004). All of Plaintiff's allegations are events that were known or should have been known by the Plaintiff at the time of the loan closings in April 2006. "The statute of limitations begins to run on a cause of action on the date that suit on the claim can first be successfully maintained," *Limoli v. First Georgia Bank*, 147 Ga. App. 755, 756–57 (1978), and "[a] claim of fraudulent inducement in the execution of a contract accrues on the date of the execution of the contract," *Kerce v. Bent Tree Corp.*, 166 Ga. App. 728, 729 (1983). Plaintiff did not file her Original Complaint until more than four years after the April 2006 loan closing.

statute, however, is a criminal statute and, thus, Plaintiff has no private right of action under it. Indeed, the only remedies referenced in the statute are criminal penalties. 18 U.S.C. § 892(a). Moreover, the statute itself only discusses criminal prosecution -- not private suits. *See, e.g.,* 18 U.S.C. § 892(c); *United States v. Cheiman,* 578 F.2d 160, 161 (6th Cir. 1978) ("The Congressional purpose of the act proscribing 'extortionate credit transactions,' 18 U.S.C. §§ 891-896, was to enable <u>federal authorities</u> to strike at loan-sharking activities carried on by organized crime") (emphasis added). Nothing in 18 U.S.C. § 891 *et seq.* purports to authorize a private suit by a person aggrieved by a violation of such statute. Thus, any claim made by Plaintiff under 18 U.S.C. § 891 *et seq.* should be dismissed.

## C. Plaintiff's Amended Complaint should be dismissed with prejudice.

Plaintiff has demonstrated twice that she cannot plead her claims in accordance with the Federal Rules of Civil Procedure. Plaintiff has already had the opportunity to re-plead and has shown that she cannot state a claim. Instead of filing a complaint that complies with the Federal Rules' permissive pleading requirements, Plaintiff simply filed another canned complaint. This Court has repeatedly demonstrated its willingness to dismiss serial shotgun or canned complaints similar to those submitted by Plaintiff here. *See Giscombe v. ABN AMRO Mortgage Group, Inc.,* Civil Action No. 1:09-CV-2037-TCB, Order at 10

(N.D. Ga. Jan. 22, 2010) (attached hereto as Exhibit H) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *Kreiger v. Aurora Loan Services, Inc.*, No. 1:09-CV-01034-TCB, Order at 11 (N.D. Ga. Nov. 23, 2009) (attached hereto as Exhibit I); *Porter v. Branch Banking & Trust (BB&T)*, Civil Action No. 1:09-CV-03656-JEC, R&R at 17 (N.D. Ga. Feb. 24, 2010) (attached hereto as Exhibit J) ("the court does not recommend ordering repleader under the facts presented in this case because Plaintiff has already attempted to replead his complaint, has again failed to comply with Rules 8 and 10, has again failed to state any claim upon which relief might be granted"). Indeed, Plaintiff's use of two canned complaints and a canned opposition to the motion to dismiss demonstrates that an additional opportunity to re-plead will only result in another insufficient pleading. *See Cannon v. First Bank Mortgage of Georgia*, Civil Action No. 1:09-CV-03705-JOF-AJB, R&R at 25 (N.D. Ga. July 29, 2010) (adopted by District Court on Aug. 27, 2010) (attached hereto as Exhibit K) ("Plaintiff should not be afforded an opportunity to amend in this case . . . Plaintiff's canned/generic/boilerplate complaint demonstrates that she likely filed suit to forestall the foreclosure of or dispossession from the [property]"). Thus, BAC requests that Plaintiff's Amended Complaint be dismissed with prejudice.

## IV.   CONCLUSION

Plaintiff's claims against BAC should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed, twice, to articulate any actionable claim against BAC. Each and every claim asserted by Plaintiff fails, as a matter of law, and Plaintiff's canned Amended Complaint does not comply with this Court's pleading requirements. BAC therefore requests that Plaintiff's Amended Complaint be dismissed, with prejudice.

Respectfully submitted this 10th day of November, 2010.

PARKER, HUDSON, RAINER & DOBBS LLP

*/s/ Darren E. Gaynor*
William J. Holley, II
Georgia Bar No. 362310
Darren E. Gaynor
Georgia Bar No. 288210
Peter F. Busscher
Georgia Bar No. 407228

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone:  404-523-5300
Facsimile:  404-522-8409
E-mail: wholley@phrd.com
E-mail: dgaynor@phrd.com
E-mail: pbusscher@phrd.com

*Counsel for BAC Home Loans Servicing, LP*

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with LR 7.1D, N.D. Ga., I certify that the foregoing **BAC HOME LOANS SERVICING, LP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** has been prepared in conformity with LR 5.1, N.D. Ga. This memorandum was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch. This memorandum is proportionately spaced, and is no longer than 25 pages.

*/s/ Darren E. Gaynor*
Darren E. Gaynor

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **BAC HOME LOANS SERVICING, LP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** upon all parties to this matter via first class U.S. mail addressed to Plaintiff as follows:

> Paulette L. Carruthers
> 195 14th Street, 701
> Atlanta, Georgia 30309

This 10th day of November, 2010.

*/s/ Darren E. Gaynor*
Darren E. Gaynor