FILED IN CLERK'S OFFICE
U.S.D.C. Rome

OCT 27 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ADRIAN D. GRAHAM, ) | |
| ) | |
| In Propria Persona Sui Juris, ) | |
| ) | |
| v. ) | |
| ) | Civil Action FILE NO. |
| ) | 4:10-CV-00158-HLM-ECS |
| BAC HOME LOANS SERVICING, LP ) | |
| FKA COUNTRYWIDE HOME ) | PROPOSED AMENDED |
| LOANS SERVICING LP ) | COMPLAINT |
| Defendant | |

## ~~PROPOSED~~ AMENDED COMPLAINT

PLAINTIFF, ADRIAN D. GRAHAM sues Defendant, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP for property and money damages and states:

### JURISDICTIONAL ALLEGATIONS

1. This action arises under Misrepresentation as legal fraud, O.C.G.A. § 23-2-52

2. This action arises under Agreements required to be in writing, O.C.G.A. § 13-5-30


EXHIBIT A

## FALSE REPRESENTATION OR OMISSION OF A MATERIAL FACT:

22. Plaintiff was induced into signing the note mortgage, and deed of trust without having either knowledge or reasonable opportunity to learn of its character or its essential terms. Once the Plaintiff signed the note and delivered it to the Defendant, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP and its officers failed to disclose to Plaintiff that they would endorse and alter the note "PAY BEARER ON DEMAND" converting the note into a mortgage-backed security bond.

23. Material Fact: Plaintiff believes that once the deposit was made, issue for the full amount, in US dollars, appearing on the note itself (displaying "PAY TO THE ORDER OF"), was delivered to the Defendant by the US Treasury. Defendant was therefore in receipt of a "SECRET", undisclosed, full face value payment "without recourse" and "without consideration", while Plaintiff's signature was used to complete the endorsement/stamp, whereby such was also counter-signed.

24. Plaintiff believes at point defendant did materially alter the Plaintiff's note.

## SCIENTER:

25.   BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP is the loan servicer they are allegedly collecting for the note holder, so at all times they should know the whereabouts and have more firsthand knowledge of the status of the note holder, but it appears BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP has willfully hidden or suppressed it.

26.   BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP has appeared too knowingly and intentionally converted the promissory note into a reusable check for face value of the note in the sum of $ ($111,039.00). By doing this BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP changed the function and operation of the note by demand deposit; "Paying Bearer on Demand" without any disclosure to Plaintiff or compensation or consideration.

### INTENTION TO INDUCE:

27.   Plaintiff was induced to keep paying a bill under the guise that ACCESS was and is still the note holder. Whereas the debt may be, in all accounts discharged.

28. Plaintiff believes that BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP has exceeded authority verified the actual possession of the genuine original promissory note. And defendant actions have harmed the Plaintiff by their unjust enrichment.

## JUSTIFIABLE RELIANCE:

29. Plaintiff was relying on the alleged loan servicer BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP's honesty, because they were supposed to conduct actions in good faith for the Note Holder whilst keeping accurate records thereof.

30. Further because the loan servicer BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP is engaged in interstate commerce, and highly regulated under RESPA and other banking practices, Plaintiff had no reason to doubt BUCKHEAD MORTGAGE ASSOCIATES, INC.'s practices would be done at all times in good faith. Plaintiff dependent upon Defendant to be truthful and uphold its fiduciary duties.

## DAMAGE:

31. Plaintiff has been damaged by false and inaccurate billing and inaccurate, unfair reporting to the credit bureaus which has adversely affected Plaintiff's credit rating. This adverse trend in Plaintiff's credit rating

has increased due to Defendant, whilst refusing to validate the alleged debt and in violation of FCRA regulations, has continued negative reports to the credit bureau.

32. **EXTORTIONATE EXTENSION OF CREDIT**

Upon information and belief, Defendant and/or its predecessor(s) in interest are guilty of an extortionate extension of credit pursuant USC TITLE 18 PART 1, CHAPER 42 §891(7), US CODE, which defines it as "An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." In this case, Plaintiff and/or its predecessor(s) in interest are guilty of such an extension of credit because at the time of the loan, it was understood that Plaintiff failure to repay the loan could result in the use of criminal means by the Defendant to cause harm to Plaintiff or others' persons, reputation or property, including trespass on Plaintiff's property, perjury, mail and wire fraud, and Racketeer Influenced and Corrupt Organization (RICO) violations, as long as Defendant and/or its predecessor(s) in interest thought they would not be caught.

**VIOLATION OF UNFAIR AND DECEPTIVE DEBT COLLECTION PRACTICES:**

33. Upon information and belief, in addition to the facts alleged in the preceding paragraphs, the Defendant and/or its predecessor(s) in interest also violated the Fair Debt Collection Practices Act, 15 USC 1692. by:

34. Failing to promptly and/or properly pay taxes or insurance premiums when due, so that the maximum tax discount available to Plaintiff could be obtained on Plaintiff' property and so that insurance coverage on the property would not lapse.

35. Failing to provide Plaintiff with an annual statement of the escrow account kept for payment of taxes and insurance.

36. Failing to properly disclose at or prior to closing all costs, fees and expenses associated with the loan;

37. Charging excessive fees and making payments of fees to parties not entitled to receive them;

38. Obtaining a yield spread premium (YSP) based upon the "selling" of a higher interest rate, and/or non disclosure of the range of interest rates for which Plaintiff qualified.

39. All such actions by Defendant and/or its predecessor(s) in interest are unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of 15 USC 1692, and entitle

the Plaintiff to a setoff, recoupment or civil penalty, nominal and actual damages, attorney's fees and costs.

**40. UNCONSCIONABILITY**

In light of all of the foregoing defenses, and on the face of the purported loan documents, the terms and circumstances of the Note and Mortgage were unconscionable when made and were unconscionably exercised, it is unconscionable to enforce the Mortgage by foreclosure.

## FRAUD IN THE INDUCEMENT:

41. Defendant alleges ownership of the note and mortgage in question.

42. Defendant is liable for actions of Defendant and/or its predecessor(s) in interest and/or its agents.

43. Defendant and/or its predecessor(s) in interest and/or its agents made false statements and/or omissions regarding a material fact;

44. Defendant and/or its predecessor(s) in interest and/or its agents knew or should have known the representation was false;

45. Defendant and/or its predecessor(s) in interest and/or its agents intended that the representation induce plaintiff to act on it;

46. Plaintiff suffered damages in justifiable reliance on the representation, the superior bargaining and financial power that Defendant has over Plaintiff.

## CLAIMS:

47. Count I – Because of Defendant's failure to provide original front and back copies of signed disclosures which appear to violate 12 U.S.C. 2601 et seq., Plaintiff claims torts exists by virtue of, but not limited to, perceived at bulleted/itemized breaches, private legal right and public duty, private duty breach and torts involving harm and damages, and asserts $100,000.00 for abuses, falsification of records and neglect or disregard.

48. Count II – TORT claim pursuant to three times the value of property due to malicious intent to seize by deceit in the amount of $335,000.00.

49. Count III – TORT claims for emotional grief and harm $250,000.00.

50. Count IV – TORT claims for defamation of character by false reporting and libel to credit bureaus $ 250,000.00.

51. TOTAL CLAIM OF DAMAGES: $935 Thousands.

## RELIEF SOUGHT:

52. Plaintiff seeks declaratory relief, in the interest of justice, respectfully prays the court, for all incorporated statements from 1-51, as follows:

53. Plaintiff moves that this court, by virtue of complaints raised, to declare the rights Plaintiff has in demanding the debt validation, account authentication, and the legal standing of the defendants in their cause of actions against the property of the titleholder.

54. Plaintiff seeks awards on all claims against the Defendant in the full amount of $935 Thousands upon declaration that Defendant is without legal standing of enforceability of the alleged instruments.

55. Plaintiff asks this court to declare rights on issues demanded by the Plaintiff, before an adverse dismissal of any issue is warranted under FRCP rule 52a.

56. Plaintiff seeks that this declaring to vacate and set aside foreclosure sale; the mortgage null and void; cancelling the mortgage of record; granting exclusive possession of the property to Plaintiff; quieting title to the property in Plaintiff's name (ADRIAN D. GRAHAM) and against Defendant and all persons claiming under Defendant.

57. Plaintiff seeks jury trial on all issues of facts.

58. Plaintiff reserves the right to add any other parties involved in the transaction and any other claims as they may be discovered.

WHEREFORD, the plaintiff demands judgment against the Defendant, BAC HOME LOANS SERVICING, LP, FKA, COUNTRYWIDE HOME LOANS SERVICING, LP, and granting costs and fees related to this action and such other and further relief as the Court may deem reasonable and just under the circumstances.

RESPECTFULLY SUBMITTED this October day of 27th, 2010

/s/ Adrian D. Graham
ADRIAN D. GRAHAM
In Propria Persona Sui Juris
605 DILLON DRIVE
DOUGLASVILLE, GA. 30134
678-993-7499

STATE OF GEORGIA
COUNTY OF Paulding

### VERIFICATION

ADRIAN D. GRAHAM, after being duly sworn, deposes and says that he has read the foregoing and knows the contents thereof to be true of his own knowledge, except as to those matters and things alleged upon information and belief, and as to those matters and things he believes them to be true.

_____
ADRIAN D. GRAHAM

STATE OF GEORGIA
COUNTY OF Paulding

BEFORE ME personally appeared ADRIAN D. GRAHAM who, being by me first duly sworn and identified in accordance with Georgia law, did execute the foregoing in my presence this 27th day of October, 2010.

_____
Notary Public
My commission expires: May 21, 2011

MICHELLE R. TANCHIN
Notary Public
Paulding County
State of Georgia
My Commission Expires May 21, 2011

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that I have this day **SERVED** a copy of the within and foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT and PROPOSED AMENDED COMPLAINT** upon all parties to this matter via by U.S. Certified Mail to Defendant as follows:

DARREN E. GAYNOR
PARKER, HUDSON, RAINER &DOBBS, LLP
1500 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVE., NE
ATLANTA, GEORGIA 30303

This _October_ day of _27th_, 2010.

_____
ADRIAN D. GRAHAM
IN Propria Persona Sui Juris
605 DILLON DRIVE
DOUGLASVILLE, GA. 30134
678-993-7499

STATE OF GEORGIA
COUNTY OF _Paulding_

BEFORE ME personally appeared ADRIAN D. GRAHAM who, being by me first duly sworn and identified in accordance with Georgia law, did execute the foregoing in my presence this _27th_ day of _October_, 2010.

_____
Notary Public
My commission expires: _May 21, 2011_

> MICHELLE R. TANCHIN
> Notary Public
> Paulding County
> State of Georgia
> My Commission Expires May 21, 2011