IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

HONG YEN HWANG,

    PLAINTIFF

V.

JPMORGAN CHASE & CO. D/B/A
CHASE HOME FINANCE; CENTURY
MORTGAGE CORPORATION; BANK
OF AMERICA, N.A.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC. AND DOES 1-50,
INCLUSIVE,

    DEFENDANTS.

CIVIL ACTION
FILE NO.: 09-CV-2799

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE

SEP 21 2010

CLERK SUPERIOR COURT

## ORDER

The present matter is before the Court on the Motion to Dismiss or for a More Definite

Statement of Defendants Chase Home Finance, LLC ("Chase") (improperly named as "JPMorgan

Chase & Co") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the

"Chase Defendants"). The Chase Defendants have moved to dismiss Plaintiff Hong Yen Hwang's

("Plaintiff") Amended Complaint For Damages and Equitable Relief (the "Amended Complaint"),

arguing that the Amended Complaint fails to state a claim on which relief may be granted. For all of

the reasons described herein, the portion of the Chase Defendants' Motion which requests dismissal

is GRANTED and the portion of the Chase Defendants' Motion which requests a more definite

statement is DENIED AS MOOT.  Plaintiff's claims in the above-captioned matter are hereby

DISMISSED WITH PREJUDICE.



EXHIBIT
F

# BACKGROUND

According to the Amended Complaint, Plaintiff originally purchased the subject property in August 2004 with a variable interest rate mortgage loan in the amount of $198,275.00 from Chase, as successor in interest to Defendant Century Mortgage Company (the "2004 Loan") (Am. Compl. ¶¶ 49–52). Plaintiff further alleges that in January 2007 he received a variable interest rate home equity line of credit in the amount of $17,000.00 from Defendant Bank of America, N.A. (the "2007 Loan"). (*Id.* ¶ 53).

Plaintiff describes the allegedly illegal and wrongful acts of defendants in vague and conclusory terms. Without any specifics he alleges that defendants (and the mortgage industry generally) originated massive amounts of unduly risky residential mortgage loans to generate profits by originating, selling, assigning, and transferring the loans. (Am. Compl. ¶¶ 17–27, 54-81). Again without reference or specifics, he alleges generally that many loans were made to borrowers with impaired credit. (Am. Compl. ¶ 25). The Amended Complaint is replete with allegations that demonstrate a fundamental misunderstanding of risk and the law as related to borrowing and lending. Plaintiff asserts ten causes of action: fraud (Count 1); fraud in the inducement (Count 2); conversion (Count 3); quiet title (Count 4); libel (Count 5); violation of the Georgia Uniform Deceptive Trade Practices Act ("UDTPA") (Count 6); violation of the Georgia Fair Business Practices Act ("FBPA") (Count 7); civil conspiracy (Count 8); violation of the Georgia Residential Mortgage Act ("GRMA") (Count 9); and violation of the Georgia RICO statute (Count 10). (Am. Compl. ¶¶ 48–149)

On January 15, 2010, the Chase Defendants filed the present Motion to Dismiss or For More Definite Statement (the "Motion to Dismiss"). Plaintiff filed an opposition to the Motion to Dismiss

on February 15, 2010, and the Chase Defendants filed a reply brief in support of the Motion to

Dismiss on March 17, 2010.  On August 31, 2010, the Court heard oral argument on the Motion to

Dismiss from counsel for the Chase Defendants and counsel for Plaintiff.

## DISCUSSION

### 1.    Standard of Review

As the Georgia Court of Appeals explained,

> When the sufficiency of a complaint is questioned, the allegations in the complaint
> must be construed in the light most favorable to the plaintiff and with all doubts
> resolved in the plaintiff's favor. Unless the allegations when so viewed disclose with
> certainty that the plaintiff would not be entitled to relief under any state of provable
> facts, the motion to dismiss should not be granted.

Homes of Ga., Inc. v. Humana Employers Health Plan of Ga.,282 Ga. App. 802, 804 (2006)

(citing Vautrot v. West,272 Ga. App. "715, 720 (2005)). See also O.C.G.A. § 9-11-12 (b) (6).

Georgia law does, however, authorize the Court to dismiss a complaint if it is so factually or legally

insufficient as to be without merit. *See Poole v. City of Atlanta*, 117 Ga. App. 432, 434(1968).

"'[W]ant of merit may consist in an absence of law to support a claim of the sort made, or of facts

sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the

claim.'" *Id.* (quoting 2A Moore's Fed. Pract. § 12.08, p. 2245). In other words, unless sufficient facts

are pleaded and some cognizable legal basis for recovery is apparent from the face of the Amended

Complaint, the claims are subject to outright dismissal. *Id.*

2.   **Plaintiff's Claims Are Time-Barred**

The Chase Defendants argue that all of Plaintiff's claims except his quiet title claim (Count 4) and his GRMA claim (Count 9) are barred by the relevant statutes of limitations.[1] Plaintiff does not dispute that the limitations period for each of these claims has run, but rather argues that the limitations period should have been tolled for an unspecified period.[2] The Court finds the Chase Defendants' arguments on this point persuasive; as a result, Counts 1, 2, 3, 5, 6, 7, 8, and 10 of Plaintiff's Complaint must be dismissed.

Plaintiff's fraud and fraud in the inducement claims (Count 1 and Count 2) are barred by the relevant statute of limitations. These claims are subject to a four year statute of limitations, O.C.G.A. § 9-3-31, and accrued in 2004, more than four years before Plaintiff filed his Complaint and his Amended Complaint in late 2009. Therefore, these claims are time-barred. Willis v. City of Atlanta, 595 S.E. 2d 339, 343(Ga. Ct. App. 2004); Kerce v. Bent Tree Corp., 305 S.E.2d 462, 462 (Ga. Ct. App. 1983).

Although plaintiff contends, correctly, that the statute of limitations may be tolled, see O.C.G.A. § 9-3-96, he offers no support for his conclusion that the limitations period should be tolled in this case. A limitations period is tolled only "until the plaintiff discovers or in the exercise of reasonable diligence should have discovered the fraud." Coffee v. GMAC, 30 F. Supp. 2d 1376, 1381 (S.D. Ga. 1998) (citation omitted). Even if the alleged fraud here were actionable, which it is not, plaintiff should have discovered it upon review of the loan documents in 2004. Indeed, multiple

---

[1] As described below, Plaintiff has no private right of action for his GRMA allegations. As such, there is no statute of limitations, because no such claim exists.

[2] Plaintiff does not appear to contest that his claim for libel (Count 5) is barred by the one-year statute of limitation for injuries to reputation. O.C.G.A. § 9-3-33. In any event, it is clear from Plaintiff's allegations that any libel claim arising out of the 2004 Loan has long since expired.

courts have held, when faced with complaints nearly identical to Plaintiff's herein, that reasonable diligence would have alerted a plaintiff to the loan terms about which he complains as of the time of closing. *See, e.g., Gaskin v. Aurora Loan Services, LLC*, No. 2009CV168059 (Ga. Super. Ct. Jan. 29, 2010); *Huh v. Chase Home Finance*, Civil Action No. 1:09-CV-2292-CAP (Jan. 5, 2010).

Moreover, Plaintiff does not indicate that he was prevented from reviewing the loan application at the time of signing. Although fraud and reasonable diligence often are questions for the jury, absent any showing the plaintiff was prevented from reading a contract by emergency, artifice or trick of the defendant, there is no fraud as a matter of law. *Citizens Bank, Vienna v. Bowen*, 169 Ga. App. 896, 897–98 (1984). Thus, Plaintiff's fraud and fraud in the inducement claims (Count 1 and Count 2), as well as any claim based on Plaintiff's fraud allegations, are barred by the relevant statute of limitations.[3]

Plaintiff's tolling argument for his conversion claim (Count 3) fails in the same way. Plaintiff's claim that every mortgage payment made by Plaintiff to the Moving Defendants is a separate act of conversion is hollow: all of the mortgage payments made by Plaintiff were based upon the closing documents, the terms of which Plaintiff discovered or should have discovered at the loan closing. Accordingly, any alleged fraud occurred, and the derivative conversion claim accrued, at or prior to the 2004 closing. Similarly, Plaintiff's claim that the statute of limitations has not run on his Georgia Uniform Deceptive Trade Practices Act claim (Count 6) also fails. As noted above, exercise of reasonable diligence should have alerted Plaintiff to the terms of the loan documents and, thus, tolling is not applicable to any of Plaintiff's claims.

---

[3] This includes Plaintiff's claim for civil conspiracy (Count 8), which fails because the underlying claim of fraud is barred by the four-year statute of limitation contained in O.C.G.A. § 9-3-31.

With respect to the two year statute of limitations for the Fair Business Practices Act (Count 7), Plaintiff misapprehends both the facts and the law. Although it is true that the statute of limitations does not begin to run until the time the cause of action has accrued, "[t]he true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." *Tiismann v. Linda Martin Homes Corp.*, 279 Ga. 137, 138 (2005). If Plaintiff's FBPA allegations were true, he could have maintained his action to a successful result immediately after the respective loan closings in 2004. Plaintiff's alleged injury occurred, if at all, at the time of the alleged FBPA violation. (Am. Compl. ¶¶ 127–29). Accordingly, as Plaintiff could have brought an FBPA action immediately after the respective loan closings in 2004, the statute of limitations began to run at that time, and Plaintiff's FBPA claim is time-barred.

Finally, Plaintiff's Georgia Racketeer Influenced and Corrupt Organizations Act claim (Count 10) is barred by the five-year statute of limitations contained in O.C.G.A. § 16-14-8. All of the racketeering activity that Plaintiff alleges occurred prior to or at the time of closing. (Am. Compl. ¶ 147). As noted above, exercise of reasonable diligence should have alerted Plaintiff to the terms of the loan documents and, thus, the statute of limitations began to run more than five years before Plaintiff filed his Complaint.

For all of these reasons, Counts 1, 2, 3, 5, 6, 7, 8, and 10 of Plaintiff's Complaint are time-barred, and are hereby **DISMISSED WITH PREJUDICE.**[4]

---

[4] It should also be noted that Plaintiff has not pleaded any actionable fraud. Even accepting as true plaintiff's allegations about the representations made by defendants, such representations are not actionable as a matter of law. See Coote v. Branch Banking & Trust Co., 664 S.E.2d 554,556 (Ga. Ct. App. 2008) (finding bank's appraisal "was an opinion of the value of the real estate upon which [the plaintiff] was not entitled to rely," and that plaintiff could not reasonably rely on bank's advice not to get his own appraisal); Koncul Enters., Inc. v. Fleet Fin., Inc., 630 S.E.2d 567, 570 (Ga. Ct. App. 2006) ("Fraud cannot consist of mere broken promises, expressions of opinion, unfulfilled predictions or erroneous conjecture as to future events") (citation omitted); Dollar v. NationsBank of Ga., N.A., 534 S.E.2d 851,853 (Ga. Ct. App. 2000) (in arm's-length mortgage transaction, it is

3.     Plaintiff's Derivative Quiet Title Claim Fails As A Matter of Law

In Count 4 of the Amended Complaint, Plaintiff asserts a quiet title claim based upon his allegations of fraud. Because the fraud allegations fall short of stating a claim for relief, the quiet title claim is likewise insufficient. See, e.g., English v. Liberty Mortg. Corp., 421 S.E.2d 286, 287-88 (Ga. Ct. App. 1992) (affirming dismissal of action purportedly for quiet title where allegations of fraud found insufficient).

In addition to failing because it is premised on nonspecific allegations of fraud, Plaintiff's claim for quiet title is superfluous and, thus, inappropriate here. If Plaintiff's legal claims were to succeed, he would obtain the relief he requests; no quiet title action would be necessary. Indeed, Georgia law holds that if Plaintiff can bring a claim in law against an allegedly improper security deed, then Plaintiff cannot maintain an action for quiet title.

> Where the maker of a deed is entitled to have it cancelled and to free his land from the results of the conveyance on account of fraud, breach of condition, or the like, this does not present a case of a mere removal of a cloud from a title, and the requirements of a quiet-title suit are not relevant.

---

borrower's "duty to exercise ordinary diligence to protect her own interest"); First Union Nat. Bank of Ga. v. Gurley, 431 S.E.2d 379, 381 (Ga. Ct. App. 1993) ("the law is clear that a bank owes no legal duty to act as a customer's legal or financial advisor"); Pardue v. Bankers First Fed. Sav. & Loan Ass'n, 334 S.E.2d 926, 927 (Ga. Ct. App. 1985) ("There is, moreover, particularly no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests. In these circumstances, . . . [borrowers] would not be entitled to rely on any such representations but would be under a duty to prosecute their own inquiries concerning their [liabilities].") (citation and internal punctuation omitted). That plaintiff was an unsophisticated real estate speculator or that defendants were unsavory financiers does not change the law. See Gurley, 431 S.E.2d at 381 ("In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone .... The entire record is devoid of the slightest evidence that [the plaintiff] exercised any diligence or even ordinary care .... ") (citations omitted).  Because Plaintiff has not pleaded any actionable fraud, and every count of his Complaint is premised on his insufficient fraud allegations, Plaintiff's Complaint would fail as a matter of law even if Plaintiff's claims were not time-barred or (in the case of his quiet title and GRMA claims) otherwise insufficient.

*Pindar's Georgia Real Estate Law and Procedure*, § 25-7 (6th ed. 2004) (citing *Myers v. Grant*, 212 Ga. 677 (1956)). Thus, as Plaintiff seeks to cancel the security deeds based on fraud (and other legal theories), Plaintiff cannot proceed in quiet title.

For both of these reasons, Plaintiff's Count 4 should be **DISMISSED WITH PREJUDICE.**

### 4. The GRMA Does Not Provide a Private Right of Action

In Count 9 of his Complaint, Plaintiff alleges that the Chase Defendants violated the Georgia Residential Mortgage Act. The GRMA, O.C.G.A. § 7-1-1000, *et seq.*, states, in pertinent part, that individuals transacting business as mortgage brokers must be, under most circumstances, licensed by the Department of Banking and Finance (the "Department"). O.C.G.A. § 7-1-1002. Furthermore, the GRMA provides, "[w]ithout limitation . . . the [D]epartment may make reasonable rules and regulations, not inconsistent with law, for the enforcement of this article, to effectuate the purpose of this article, and to clarify the meaning of terms." O.C.G.A. § 7-1-1012. In this regard, the GRMA prohibits certain acts, such as misrepresenting material facts and engaging in business that is not in good faith or fail dealing. *Id.* As a means of enforcement, the Department may issue an order for a civil penalty, and the violation of certain subsections triggers criminal penalties. *See, e.g.*, O.C.G.A. §§ 7-1-1018, 7-1-1019.

Plaintiff has failed to cite, and the Court is unaware of any authority, providing Plaintiff with a private right of action in tort for alleged violations of the GRMA. This court declines to create a private right of action where none has been created by the legislature or the Georgia courts. As such, Plaintiff's GRMA claim against the Chase Defendants fails as a matter of law, and is hereby **DISMISSED WITH PREJUDICE.**

For all of these reasons, the Court hereby ORDERS that all of Plaintiff's claims against the Chase Defendants are DISMISSED WITH PREJUDICE.

SO ORDERED this 21st day of September 2010.

_____
David Dickinson, Judge
Superior Court of Forsyth County