IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KYE GISCOMBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:09-cv-2037-TCB |
| ABN AMRO MORTGAGE GROUP, ) | |
| INC.; CITIMORTGAGE, INC.; ) | |
| WELLS FARGO BANK, N.A.; ) | |
| and DOES 1 through 50, inclusive, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is currently before the Court on Defendants ABN Amro Mortgage Group, Inc. and Citimortgage, Inc.'s motion for a more definite statement and to dismiss Plaintiff's complaint [4] and supplemental motion to dismiss [25] and Defendant Wells Fargo Bank, N.A.'s motion to dismiss [5] and supplemental motion to dismiss [26].



## I. Background[1]

In January 2007, Giscombe purchased property located at 2804 Clearwater Terrace, Conyers, Georgia 30013 for $243,000. Defendant ABN Amro Mortgage Group, Inc., which is now Citimortgage, Inc., loaned Giscombe $194,400 and $48,600 to purchase the property. The $194,400 loan provided for a fixed interest rate of 6.125% for thirty years with a monthly payment of $1,181.19. The $48,600 loan provided for a fixed interest rate of 9.530% with interest-only payments for 179 months followed by a balloon payment of $39,247.88.

Plaintiff alleges that in May 2007 he was induced by Wells Fargo Bank, N.A. to refinance his second mortgage for $100,000 with a 7% fixed interest rate.

The current outstanding balances are approximately $210,311 on the first loan and approximately $125,000 on the second.

On June 19, 2009, Giscombe filed his original complaint [1] in the Superior Court of Rockdale County, asserting common law claims for fraud, fraud in the inducement, conversion, quiet title, and interlocutory injunctive relief as well as statutory claims for violations of the Georgia

---

[1] Because the matter is before the Court on a motion to dismiss, the Court takes the factual allegations of the complaint as true. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).

Uniform Deceptive Trade Practices Act, the Georgia Residential Mortgage Act, and the Georgia Fair Business Practices Act.

On July 27, 2009, ABN and Citimortgage, with the consent of Wells Fargo, removed the case to this Court. On August 3, 2009, ABN and Citimortgage filed a motion for more definite statement and to dismiss [4], in which they assert that (1) Giscombe's complaint is an impermissible shotgun pleading; (2) the complaint fails to state a claim upon which relief can be granted because he fails to allege sufficient facts; (3) Giscombe's Georgia Uniform Deceptive Trade Practices Act, Georgia Residential Mortgage Act, fraud, and fraud in the inducement claims are premised on fraudulent misrepresentations and are not pled with the specificity required by FED. R. CIV. P. 9(b); (3) the quiet title and conversion claims fail because they are dependent on a viable fraud claim, which Giscombe fails to plead; and (4) the statutory claims are deficient because he either fails to allege practices prohibited by the statutes or requests relief not available under the statutes.

Wells Fargo also filed a motion to dismiss [5] on August 3, 2009, in which it asserts that (1) Giscombe's complaint fails to state a claim upon which relief could be granted because it is critically devoid of specific facts;

(2) Giscombe's claims based on fraudulent misrepresentations are not pled with the specificity required by FED. R. CIV. P. 9(b); and (3) Giscombe's complaint is an improper shotgun pleading and he should be ordered to replead.

Giscombe separately opposed ABN and Citimortgage's motion to dismiss or replead and Wells Fargo's motion to dismiss but argued in both that he pled with the requisite particularity under FED. R. CIV. P. 8 and 9(b), and that he should be permitted replead his complaint to clarify the basis of any claim. He further argued that the Georgia Residential Mortgage Act necessarily authorized a private cause of action because Georgia courts have allowed claims under it to survive motions to dismiss, ruling instead on motions for summary judgment. Giscombe opposed dismissal of his Fair Business Practices Act claim, maintaining that certain acts within the residential mortgage context, such as the ones alleged here, are subject to the provisions of that act, despite the act's general exemption for the residential mortgage industry. Giscombe also defended the validity of his Uniform Deceptive Trade Practices Act, arguing that the statute supports an action by an individual who has suffered an injury due to the deceptive trade practice of another.

On December 9, 2009, the Court issued an order [23] finding Giscombe's complaint to be an impermissible shotgun pleading. However, the Court declined to dismiss the complaint, opting instead to direct Giscombe to replead his complaint so that it was not a shotgun pleading. The Court notified Giscombe that failure to file a proper complaint could result in dismissal. Finally, the Court reserved judgment as to the merits of the alternate reasons for dismissal asserted by ABN, Citimortgage, and Wells Fargo in their motions to dismiss Giscombe's complaint, but indicated that it would revisit them upon submission of Giscombe's amended complaint.

On December 22, 2009, Giscombe filed his amended complaint [24]. In addition to the claims asserted in his original complaint, Giscombe asserted four new claims: defamation, violations of the Real Estate Settlement Procedures Act, violations of the Truth in Lending Act, and civil conspiracy (as between ABN and Citimortgage).

On January 8, 2010, ABN and Citimortgage filed a supplement to their original motion dismiss [25], contending that the amended complaint is still an impermissible shotgun complaint and seeking to dismiss the four new claims asserted against them in the amended complaint. Also on

January 8, 2010, Wells Fargo filed a supplemental motion to dismiss [26], addressing the new claims against it and renewing its request that all counts be dismissed.

## II.   Discussion

The Court must determine whether: (1) Giscombe eliminated the deficiencies of his previous shotgun pleading, and (2) if so, whether the complaint should be dismissed for the other reasons asserted by ABN, Citimortgage, and Wells Fargo in their motions to dismiss.

### A.   Legal Standard

The sufficiency of Giscombe's amended complaint depends on whether it is a shotgun pleading; if so, it will fall short of the pleading requirements of FED. R. CIV. P. 8. *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (holding that a shotgun pleading is "in no sense the 'short and plain statement of a claim' required by Rule 8 of the Federal Rules of Civil Procedure.").

The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). In describing the nature of a shotgun pleading,

the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.").

In addition to making it difficult to ascertain the factual allegations that correspond to each claim, shotgun pleadings also fail to specify which defendant is responsible for each act alleged. *Beckwith*, 146 F. App'x at 373 ("It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant."); *see also Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) (dismissing shotgun complaint that made "factual allegations that could not possibly be material to any of the causes of action.").

**B. Analysis**

Giscombe's amended complaint fails to remedy the deficiencies of his original complaint. It remains a shotgun pleading and clearly violates FED. R. CIV. P. 8(a)(2)'s direction that the pleading provide a "short and plain statement" of his claims and FED. R. CIV. P. 8(d)(1)'s direction that each allegation "be simple, concise, and direct." In its order directing Giscombe to replead, the Court specifically instructed him to specify which Defendants were responsible for each act alleged and which acts supported each cause of action. Giscombe has not complied with this instruction and has otherwise failed to properly re-cast his pleading.

While Giscombe makes some attempt to ascribe certain acts or omissions to each Defendant, he still ascribes a majority of the alleged acts or omissions to every Defendant. Giscombe's substitution of the phrase "ABN, Citi, and Wells Fargo" for the collective "Defendants" does not remedy this deficiency. Giscombe's failure to differentiate the conduct of Defendants constitutes non-compliance with the Court's instruction to specify which Defendant is responsible for each act alleged.

Furthermore, Giscombe's amended complaint fails to comply with the Court's instruction that he clarify which specific acts support each cause of

action. As in his original complaint, Giscombe's amended complaint incorporates into each count all of the preceding counts and allegations, and for some counts, he inexplicably incorporates paragraphs 64-117, which represent Giscombe's first and second causes of action and the first paragraph of his third cause of action. In addition, Giscombe seems to equate length with clarity, as his amended complaint is sixty pages longer than his original complaint. However, significant portions of the amended complaint consist of generalized allegations about the mortgage industry that bear no relation to Giscombe or the transaction at issue in this case, and Giscombe unnecessarily repeats large portions of his complaint.

Giscombe has thus failed to distinguish completely among Defendants, to clarify which allegations correspond to each cause of action, and to remove superfluous allegations. Rather, he adds approximately sixty more pages and further obfuscates the alleged wrongful conduct of Defendants and the relief he seeks. The combined effect of these deficiencies is that Giscombe's amended complaint does not "identify claims with sufficient clarity to enable the defendant to frame a responsive pleading" and makes it unduly difficult "to ascertain what factual

allegations correspond with each claim and which claim is directed at which defendant." *Beckwith*, 146 F. App'x at 371, 373.

Moreover, Giscombe's amended complaint directly contradicts the spirit and words of FED. R. CIV. P. 8, which demands that Giscombe's complaint contain "a short and plain statement" of his claims and "be simple, concise, and direct." *Gordon v. Green*, 602 F.2d 743, 745-46 (5th Cir. 1979) (dismissing the plaintiff's verbose pleadings because they violated Rule 8). Giscombe's amended complaint is therefore an impermissible shotgun pleading and violates FED. R. CIV. P. 8.

The Court's previous order specifically provided that if Giscombe filed another shotgun complaint, the Court would consider his failure to submit an adequate pleading willful and in bad faith and would accordingly impose sanctions, including dismissal of his complaint.[2] Having found Giscombe's latest complaint to constitute a shotgun pleading, the Court will dismiss with prejudice Giscombe's amended complaint. In light of the nature of

---

[2] "[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader. Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (footnote omitted); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (suggesting that it is sufficient to give a plaintiff who has filed a shotgun pleading one chance to replead correctly).

Giscombe's pleading, the Court finds it unnecessary to reach the other grounds for dismissal urged in ABN and Citimortgage's and Wells Fargo's motions to dismiss.

## III. Conclusion

For the foregoing reasons, the Court GRANTS ABN and Citimortgage's motions to dismiss [4, 25] and GRANTS Wells Fargo's motions to dismiss [5, 26]. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED this 22nd day of January, 2010.

_____
Timothy C. Batten, Sr.
United States District Judge