Case 1:09-cv-03123-WSD-LTW Document 12-10 Filed 11/10/10 Page 1 of 13
Case 1:09-cv-01034-WSD Document 36 Filed 11/23/2009 Page 1 of 13



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOUNG SUK KREIGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AURORA LOAN SERVICES LLC; ) <br> FIRST AMERICAN REALTY ) <br> CAPITAL CORP.; LEHMAN ) <br> BROTHERS, INC.; MORTGAGE ) <br> ELECTRONIC REGISTRATION ) <br> SYSTEMS; and DOES 1 through ) <br> 50, inclusive, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br><br> No. 1:09-cv-1034-TCB |

## ORDER

This matter is currently before the Court on Defendant Aurora Loan Services, Inc.'s motion to dismiss Plaintiff's second amended complaint [34].



## I. Background[1]

On March 28, 2007, Defendant First American Realty Capital Corp. loaned Krieger $700,000 to refinance a previous debt. In exchange, Krieger granted First American a security interest in her residence, located at 2255 Berry Hall Road, Bethlehem, Gwinnett County, Georgia. The loan had an initial five-year fixed rate of 9.375 percent, after which the interest rate was subject to adjustment and could be increased to as much as 15.375 percent.[2] The loan, though originated by First American, was serviced first by Defendant Lehman Brothers, Inc. and later by Defendant Aurora Loan Services LLC. Approximately $693,196.33 remains unpaid on the loan.

On March 16, 2009, Krieger filed her original complaint in the Superior Court of Gwinnett County, asserting common law claims for fraud, conversion, libel, and quiet title, as well as statutory claims for violations of the Georgia Residential Mortgage Act, the Georgia Fair Lending Act, the Georgia Uniform Trade Practices Act, and the Georgia Racketeer Influenced and Corrupt Organizations Act.

---

[1] Because the matter is before the Court on a motion to dismiss, the Court takes the factual allegations of the complaint as true. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).

[2] Though she does not specifically allege that the terms of the loan were not set forth in the note, Krieger alleges that Defendants failed to disclose the terms and their inherent risk at the time she obtained the loan.

On April 17, 2009, Aurora removed the case to this Court. On June 8, 2009, Aurora filed a motion for more definite statement and to dismiss [19], in which it asserted that (1) Krieger's complaint was an impermissible shotgun pleading, (2) her claims premised on fraudulent misrepresentations were not pled with the specificity required by Fed. R. Civ. P. 9(b), and (3) her statutory claims were deficient because she had either failed to allege practices prohibited by the statutes or requested relief not available under the statutes.

In response to Aurora's motion for a more definite statement and to dismiss, Krieger filed an amended complaint on July 24, 2009 [24]. In her amended complaint, she alleged that in approving her loan, the "Defendants," acting in concert with the "Defendants' agent, representative and broker," misrepresented the value of the property by inflating the appraisal value. Furthermore, the Defendants, again acting in concert, allegedly reassured Krieger that she would later be able to refinance at a lower interest rate and failed to disclose the risk inherent in the terms of the loan.

On August 10, 2009, Aurora filed a motion to dismiss [27] Krieger's amended complaint with prejudice because it was an impermissible

shotgun pleading. Aurora further contended that all of the claims in the amended complaint premised on allegations of fraudulent misrepresentation[3] should fail because Krieger had not pled them with particularity as required by Fed. R. Civ. Pro. 9(b). Aurora also argued that Krieger's statutory claims would warrant dismissal even if they were properly pled. It contended that the claims for violation of the Georgia Fair Business Practices Act and the Georgia Uniform Deceptive Trade Practices Act were invalid because these statutes do not apply in the context of residential mortgage lending. Moreover, Aurora argued that the Georgia Fair Lending Act does not authorize claims against mortgage servicers and that the Georgia Residential Mortgage Act does not authorize a private cause of action.

Krieger opposed Aurora's motion to dismiss by arguing that she had pled with the requisite particularity under Fed. R. Civ. P. 8 & 9(b), and that she should be permitted to replead if her complaint was procedurally defective. She further argued that the Georgia Residential Mortgage Act necessarily authorized a private cause of action because Georgia courts

---

[3] This category encompasses Krieger's claims for fraud, fraud in the inducement, conversion, quiet title, libel, violation of the Uniform Deceptive Trade Practices Act, violation of the Georgia Residential Mortgage Act, and violation of the Georgia Racketeer Influenced and Corrupt Organizations Act.

have allowed claims under it to survive motions to dismiss and ruled instead on motions for summary judgment. In addition, Krieger opposed dismissal of her Fair Business Practices Act claim, maintaining that certain acts within the residential mortgage context, such as the ones alleged here, are subject to the provisions of that act, despite the act's general exemption for the residential mortgage industry. Krieger also defended the validity of her Uniform Deceptive Trade Practices Act, arguing that the statute does not simply provide remedies to businesses for harm incurred in the marketplace, but also supports an action by an individual who has suffered an injury due to the deceptive trade practice of another.

On October 7, 2009, the Court issued an order [32] addressing Aurora's motion to dismiss Krieger's first amended complaint. The Court found Krieger's amended complaint to be an impermissible shotgun pleading. However, the Court declined to dismiss the complaint, opting instead to direct Krieger to replead her complaint so that it was not a shotgun pleading. The Court notified Krieger that failure to file a proper complaint would result in dismissal. Finally, the Court reserved judgment as to the merits of the alternate reasons for dismissal asserted by Aurora in its motion to dismiss Krieger's amended complaint, but indicated that it

would revisit them upon submission of Krieger's second amended complaint, assuming one was in fact filed.

On October 16, 2009, Krieger filed her second amended complaint [33].

## II. Discussion

The Court must determine whether: (1) Krieger eliminated the deficiencies of her previous shotgun pleading, and (2) if so, whether the complaint should be dismissed for the other reasons asserted by Aurora in its motion to dismiss.

### A. Legal Standard

The sufficiency of Krieger's second amended complaint depends on whether it is a shotgun pleading; if so, it will fall short of the pleading requirements of Fed. R. Civ. P. 8. *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (holding that a shotgun pleading is "in no sense the 'short and plain statement of a claim' required by Rule 8 of the Federal Rules of Civil Procedure.").

The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x

368, 371 (11th Cir. 2005). In describing the nature of a shotgun pleading, the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.").

In addition to making it difficult to ascertain the factual allegations that correspond to each claim, shotgun pleadings also fail to specify which defendant is responsible for each act alleged. *Beckwith*, 146 F. App'x at 373 ("It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant."); *see also Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) (dismissing shotgun complaint that made "factual allegations that could not possibly be material to any of the causes of action.").

B. Analysis

Krieger's second amended complaint fails to remedy the deficiency of her first amended complaint and remains a quintessential shotgun pleading. In its order directing Krieger to replead, the Court specifically instructed her to specify which Defendants were responsible for each act alleged and which acts supported each cause of action. Krieger has not complied with this instruction and has otherwise failed to properly re-cast her pleading.

Rather than identifying which Defendant was responsible for each act alleged as the Court instructed, Krieger has attempted to ascribe all of the acts alleged to every Defendant through insufficiently supported assertions of derivative liability. For example, Krieger attributes a number of allegedly wrongful acts to First American, then attributes the same acts to Aurora because Aurora had a preexisting business relationship with First American and encouraged and incentivized First American's wrongful conduct. Krieger then incorporates all of the same acts against Lehman Brothers based solely on Aurora's status as one of its subsidiaries. Krieger further asserts that Aurora and Lehman Brothers are indistinguishable, and

throughout most of the complaint refers to them collectively as "Aurora/Lehman."

Krieger's failure to differentiate the conduct of the Defendants constitutes non-compliance with the Court's instruction to specify which Defendant is responsible for each act alleged. Krieger has generally made apparent those actions for which First American is responsible, but she has not differentiated between the other Defendants and the acts for which they are allegedly responsible. Instead, she persists in her attempt to allege that all of the Defendants are responsible for all of the acts alleged as co-agents in a common scheme, which is impermissible, when, as here, the facts alleged do not support the sort of sweeping derivative liability suggested by Krieger's second amended complaint. *See Baillie Lumber Co. v. Thompson*, 279 Ga. 288, 289-290, 612 S.E.2d 296, 299 (2005) (setting forth requirements for corporate derivative liability under Georgia law). To make matters worse, after her initial attempt to delineate the conduct of First American, for the majority of the remainder of the second amended complaint she simply attributes every act or omission alleged to "First

American and Aurora/Lehman," thereby encompassing all three of the principal Defendants in each such statement.[4]

Furthermore, Krieger's second amended complaint fails to comply with the Court's instruction that she clarify which specific acts support each cause of action. As in her first amended complaint, Krieger's second amended complaint incorporates into each count all of the preceding counts and allegations. And significant portions of the second amended complaint consist of generalized allegations about the mortgage industry that bear no relation to Krieger or the transaction at issue in this case.

Krieger has thus failed to distinguish completely among Defendants, to clarify which allegations correspond to each cause of action, and to remove superfluous allegations. The combined effect of these deficiencies is that Krieger's second amended complaint does not "identify claims with sufficient clarity to enable the defendant to frame a responsive pleading" and makes it unduly difficult "to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith*, 146 F. App'x at 371, 373. Krieger's second amended complaint is therefore an impermissible shotgun pleading.

---

[4] Sections of the second amended complaint that exemplify this practice include paragraphs 167–173.

The Court's previous order specifically provided that if Krieger filed another shotgun complaint, the Court would consider her failure to submit an adequate pleading willful and in bad faith and would accordingly impose sanctions, including dismissal of her complaint.[5] Having found Krieger's latest complaint to constitute a shotgun pleading, the Court will dismiss with prejudice Krieger's second amended complaint. In light of the nature of Krieger's pleading, the Court finds it unnecessary to reach the other grounds for dismissal urged in Aurora's motion to dismiss.

### III. Conclusion

For the foregoing reasons, the Court GRANTS Aurora's motion to dismiss Krieger's second amended complaint [34]. Because of this disposition, the Court DENIES AS MOOT Aurora's motion to dismiss Krieger's first amended complaint [27]. The Clerk is DIRECTED to close this case.

---

[5] "[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader. Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (footnote omitted); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (suggesting that it is sufficient to give a plaintiff who has filed a shotgun pleading one chance to replead correctly).

IT IS SO ORDERED this 23rd day of November, 2009.

_____
Timothy C. Batten, Sr.
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOUNG SUK KREIGER,<br><br>    Plaintiff,<br><br>vs.<br><br>AURORA LOAN SERVICES INC., et al,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:09-cv-1034-TCB |

## JUDGMENT

This action having come before the court, the Honorable Timothy C. Batten, Sr, United States District Judge, for consideration of the plaintiff's second amended complaint and defendant Aurora Loan Services Inc.'s motion to dismiss said complaint, and the court having granted said motion and having determined the second amended complaint constitutes an impermissible shotgun pleading, it is

**Ordered and Adjudged** that the action be, and the same hereby, is **dismissed**.

Dated at Atlanta, Georgia this 23rd day of November, 2009.

                                        JAMES N. HATTEN
                                        CLERK OF COURT

                                  By: s/ Amy Cash
                                        Deputy Clerk

Prepared & Filed
In the Clerk's Office
    November 23, 2009
James N. Hatten
Clerk of Court

By:   s/ Amy Cash
      Deputy Clerk