IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORENZO E. PORTER,

        Plaintiff,

    v.

BANKING BRANCH & TRUST CO
(BB&T) and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS (MERS),

        Defendants.

CIVIL ACTION FILE

NO.1:09-CV-3656-JEC-JFK

## FINAL REPORT AND RECOMMENDATION

This case originated with a complaint filed by Plaintiff *pro se* Lorenzo E. Porter

("Porter") in the Superior Court of Fulton County, Georgia, on November 25, 2009

(Civil Action No. 2009CV178300). [Doc. 1-3]. Defendant Banking Branch & Trust

Co. ("BB&T") filed a notice of removal pursuant to 28 U.S.C. § 1441(a), based on the

parties' diversity of citizenship and Plaintiff Porter's alleged amount in controversy

over $75,000.00, 28 U.S.C. § 1332(a). [Docs. 1, 1-3]. Now pending before the court

is Defendant BB&T's and Defendant MERS' ("Defendants") motion to dismiss

Plaintiff Porter's complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a

claim for which relief can be granted. [Doc. 4]. The docket reflects that Plaintiff has



EXHIBIT
J

AO 72A

not filed a response in opposition to the motion to the dismiss.[1]  The motion is therefore considered unopposed pursuant to Local Rule 7.1B, N.D. Ga.[2]

While granting a motion to dismiss based solely on a party's failure to respond is within the discretion of a district judge, <u>Magluta v. Samples</u>, 162 F.3d 662, 664-65 (11th Cir. 1998), as general rule, courts have not automatically granted a motion to dismiss a complaint for failure to file a timely response, when doing so would be dispositive of the litigation, <u>Perkins v. St. John Fisher College</u>, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006).  Accordingly, as discussed below, the court, has considered Plaintiff's *pro se* complaint and the merits of Defendants' claims for dismissal.

## I.    Facts and Procedural History

The evidence of record shows that Plaintiff Lorenzo E. Porter borrowed $143,673.00, on April 25, 2008, from Federal Guaranty Mortgage Co. (Lender) and executed a Note and Security Deed on the same date.  [<u>See</u> Doc. 1-2, Security Deed, recorded, May 1, 2008, in Deed Book 46681, Page 133, in the official records of

---

[1]<u>See</u> *infra* p. 6 and Footnote 6, discussing Plaintiff Porter's other filings.

[2]This rule provides, in pertinent part, "Failure to file a response shall indicate that there is no opposition to the motion."  L. R. 7.1B, N.D. Ga.

AO 72A

Fulton County, Georgia]. The Deed gives MERS, as nominee for the Lender and the Lender's successors and assigns, the right to foreclose and sell the property in the event of Plaintiff's default. Exhibit A to the Security Deed identifies the real property at issue as:

> land lying and being in Land Lot 163 of the 13th District of Fulton County, Georgia, being Lot 35, Block A, Robinson Woods, as per plat recorded in Plat Book 168, Page 121, Fulton County records, . . . bein[g] improved property known as [   ] according to the present system of numbering houses in Fulton County Georgia.

[Doc. 1-2 at 7].[3]

Plaintiff apparently defaulted on the Note and Security Deed and, on November 25, 2009, filed the complaint at issue in the Superior Court of Fulton County, Georgia, against Defendants MERS and BB&T. [Doc. 1-3]. The complaint, entitled "Petition

---

[3]Defendants "have redacted portions of the Complaint pursuant to N.D. Ga. Standing Order No. 04-02." [Doc. 1 at 5 n.3]. Standing Order No. 04-02 adopted a policy on sensitive information and public access to electronic case files, providing that:

> [P]arties shall refrain from including or shall partially redact where inclusion is necessary[.] . . .
> If a home address must be included, only the city and state should be listed.

Standing Order No. 04-02, ¶ 1(e), N.D. Ga. Whether this was intended to apply to actions where a "home address" property is the subject of the litigation is not clear.

3

to Compel Specific Performance," states that it is "based on" two UCC-3
Amendments, prepared by Plaintiff and filed by him into the official records of Fulton
County.[4]  [Id. ¶ 1].  In amongst allegations against pooled trusts and the banking
industry's practices in general, the complaint alleges that Plaintiff "intends to file
affirmative defenses for set off violations to the Truth in Lending Act, and a
counterclaim for damages for RICO, TILA violations, usury, fraud in the inducement
and fraud in the execution, damages for appraisal fraud, quiet title, and malicious abuse
of process, among other causes of action."  [Doc. 1-3 at 5 ¶ 11].  The complaint
requests that Defendants be compelled to produce "the original note, 1099-OID's, and
other documents validating their claims to entitlement."  [Doc. 1-3 at 8].  No other
relief is requested.

---

[4]Plaintiff bases his claim(s) on:

UCC-3 Amendment/Assignment Deed Book 47700 Page 548 filed and
re[c]ordered March 12, 2009, 12:41 PM[,] Clerk of Superior Court[,]
Fulton County[,] Georgia.  UCC-3 Amendment/Assignment Deed Book
47986 Page 31 filed and re[c]orded May 27, 2009, 04:39 PM[,] Clerk of
Superior Court[,] Fulton County[,] Georgia[.]

[Doc. 1-3 ¶ 1].  As discussed *infra*, these documents appear to have been falsified by
Plaintiff Porter to support the complaint.

Defendant BB&T removed the complaint to Federal District Court [Doc. 1], and, on January 5, 2010, Defendants BB&T and MERS filed the motion to dismiss [Doc. 4] now pending before the court. Defendants contend that the complaint is a shotgun pleading that does not comply with the Federal Rules of Civil Procedure and that it should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim for relief. [See Doc. 4-2].

As stated earlier, the docket reflects that Plaintiff has not filed a response in opposition to Defendants' Rule 12(b)(6) motion to dismiss the complaint. However, on February 3, 2010, long after the deadline for filing a response, Plaintiff Porter filed what has been docketed as a motion to compel specific performance.  [Doc. 10]. Review of the ninety-five page "motion" shows that it is a revised complaint with extensive exhibits.[5]  The relief requested in the revised complaint is: "bring account to zero and issue [P]laintiff a Certificate of Discharge on [the] property [and] Defendants pay the Plaintiff $100,000.00 [for] Dishonor in Commerce, Fraud, Theft

---

[5]The Clerk of Court is **DIRECTED** to correct the docket to reflect that Docket Entry 10 is an Amended Complaint.

AO 72A

of Public Funds, Racketeering, Conspiracy, and Breach of Fiduciary Duties[.]" [Id. at 14].[6]

Additional facts will be set forth below as they become necessary for discussion of Plaintiff's claims.

## II.     Rule 12(b)(6) Standard of Law

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortgage, Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). However, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974).

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. The rules of notice pleading

---

[6]Plaintiff Porter also filed an Affidavit in the Nature of a Writ of Discovery for Validation of Debt. [Doc. 11]. The Affidavit attempts to make a counterclaim "in admiralty" against third party defendants, including a Darren E. Gaynor. As Defendants BB&T and MERS state in Response [Doc. 12] to Plaintiff's filings [Docs. 10, 11], Plaintiff's filings are incomprehensible and provide no basis for denying the motion to dismiss or granting Plaintiff other relief. [Doc. 12 at 3].

AO 72A

require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citation omitted); see also Financial Security Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that notice pleading does not require specific facts to be pled for every element of a claim or that claims be pled with precision, but "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory'") (citations omitted). As the Supreme Court held in Twombly and has now reiterated in Ashcroft v. Iqbal, the pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . '[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. __, __ 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965); and see Sinaltrainal v. Coca-

7

Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at __, 129 S. Ct.

at 1949).

When deciding a Rule 12(b)(6) motion, the court has discretion to determine

whether to accept documents beyond the pleadings.  Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the
> pleadings are presented to and not excluded by the court, the motion must
> be treated as one for summary judgment under Rule 56. All parties must
> be given a reasonable opportunity to present all material that is pertinent
> to the motion.

Fed. R. Civ. P. 12 (d) (as amended 2007).  However, an exception to this rule occurs

when documents central to the plaintiff's case are referred to in the complaint.  See

Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir.

1997).  In those situations, "the Court may consider the documents part of the

pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such

documents to the motion to dismiss will not require conversion of the motion into a

motion for summary judgment."  Id. (citing Venture Assoc. Corp. v. Zenith Data Sys.

Corp., 987 F.2d 429, 431 (7th Cir. 1993)); accord Tee v. UAL Corp., 902 F. Supp.

1572, 1576 n.3 (N.D. Ga. 1995).  In addition, "this Circuit and others have relaxed

th[e] rule to allow the Court to take judicial notice, see Fed. R. Evid. 201, of certain

documents attached to a motion to dismiss, without converting the motion to one for

8

AO 72A

summary judgment. These documents include public filings and public records[.]" Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *4-5 (N.D. Ga. January 30, 2008) (citations omitted). The court will, therefore, take into consideration the Security Deed and other documents filed into the public records of Fulton County by the parties.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations and internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)[.]" Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 550 U.S. at 557-59, 127 S. Ct. at 1966-67). The plausibility standard applied by the court "is not akin to a 'probability requirement,'" Iqbal, 556 U.S. at __, 129 S. Ct. at 1949 (citation omitted), but it requires that a plaintiff plead sufficient facts to "permit the court to infer more than the mere possibility of misconduct" by the defendant, id. at __, 129 S.

9

AO 72A

Ct. at 1950. "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998); and see Jones v. United Parcel Service, Inc., 2008 WL 282311, at *4 (N.D. Ga. January 31, 2008) (it is well settled that "[d]ismissal of a complaint is appropriate 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action'") (citation omitted).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 551 U.S. at 94, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply these standards in ruling on Defendants' motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).

10

## III.  Discussion

Defendants contend that Plaintiff Lorenzo E. Porter's complaint [Doc. 1-3] should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief because it is a shotgun pleading and does not comply with the pleading requirements under the Federal Rules of Civil Procedure.  [Docs. 4, 4-2].  In support, Defendants assert that Plaintiff's "factual allegations, such that they are, consist of a stream-of-consciousness bill of grievances against Defendants and the mortgage industry as a whole" and are "so devoid of factual information that they fail to provide Defendants with sufficient notice of the claims brought against them."  [Id. at 3 n.3 and at 5].

Construing the complaint in the light most favorable to the plaintiff, the complaint is clearly a shotgun pleading, which the Eleventh Circuit has admonished litigants for filing.  See Bailey v. Janssen Pharmaceutica, Inc., 288 Fed. Appx. 597, 602-03 (11th Cir. 2008) (citing, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998) ("These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief.  The general allegations are incorporated by reference into each count of the complaint. . . ."); Cesnik v. Edgewood Baptist Church, 88 F.3d

11

AO 72A

902, 905 (11th Cir. 1996) ("[The complaint] was framed in complete disregard of the principle that separate, discrete causes of action should be plead [sic] in separate counts. . . .")). And see Lampkin-Asam v. Volusia County School Bd., 261 Fed. Appx. 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'") (citing Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).

The complaint contains nineteen paragraphs under a heading "History," an exhibit index, two lists of case law[7] – one allegedly establishing "that Banks do not have the power to lend" and the other, also citing statutes and treatises, allegedly establishing that Defendants must produce the original note to have a claim against Plaintiff's property. [Doc. 1-3]. The only clearly presented "claim" in the complaint is Plaintiff Porter's legal assertion that Defendants must produce the original note. Courts addressing virtually identical assertions have rejected "produce the note" arguments. See, e.g., Frazier v. National City Bank, NA, 2005 WL 2671371, at *4 (S.D. Ohio October 19, 2005) (rejecting produce the note argument and granting

_____

[7]Defendants also correctly assert that the complaint's legal assertions and citations to cases and statutes have no place in a complaint. [Doc. 4-2 at 6]. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not legal conclusions or legal arguments.

12

motion to dismiss complaint); <u>Bacon v. Decatur Federal Savings & Loan Ass'n</u>, 169 Ga. App. 538, 313 S.E.2d 727 (1984) (stating that best-evidence rule is inapplicable in connection with admission of copies of original notes and security deeds; production of originals not required)[8]; <u>Tanner v. Batson</u>, 123 Fla. 240, 166 So. 545 (1936) (alleged failure to produce original note or establish satisfactory reason for its absence held not fatal). Therefore, the undersigned finds that any produce the note claim in Plaintiff Porter's complaint, or any claim based on a produce the note argument, is subject to dismissal as a matter of law. <u>Bernard</u>, 17 F. Supp. 2d at 1314; <u>Jones</u>, 2008 WL 282311, at *4.

The complaint's "history" contains numerous allegations against banking industry practices in general, rather than factual allegations relevant to claims specific to Plaintiff. Paragraph eleven of the history states that Plaintiff "intends to file affirmative defenses for set off violations to the Truth in Lending Act and a counterclaim for damages for RICO, TILA violations, usury, fraud in the inducement

---

[8]<u>And see</u> Federal Rule of Evidence 1003 which provides: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

13

and fraud in the execution, damages for appraisal fraud, quiet title, and malicious abuse of process among other causes of action." [Doc. 1-3 ¶ 11]. To the extent that Plaintiff might argue he has set forth such claims in the complaint, the complaint is framed in complete disregard of the principle that separate, discrete causes of action should be pleaded in separate counts. The elements of those intended causes of action are not set forth in the complaint, and, more importantly, the complaint fails to allege facts specific to Plaintiff and Defendants to support such claims. As the Supreme Court held in Twombly and has now reiterated in Ashcroft v. Iqbal, the pleading standard in Rule 8 "demands more than an unadorned, the- defendant-unlawfully-harmed-me accusation. . . . '[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Iqbal, 556 U.S. at ___ 129 S. Ct. at 1949 (citation omitted).

Proper use of judicial resources and fairness to the defendants who will have to answer the complaint requires that litigants, including *pro se* litigants, comply with the Federal Rules of Civil Procedure that govern pleadings. See Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Fed. R. Civ. P. 10(b) "and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading"); Moon v. Newsome, 863

14

F.2d 835, 837 (11th Cir. 1989) (holding that *pro se* litigants are subject to the rules of the court and the Federal Rules of Civil Procedure). "[A] defendant faced with a shotgun complaint is not expected to frame a responsive pleading." <u>McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.</u>, 2009 WL 92846, at *2 (M.D. Fla. January 14, 2009) (citing <u>Anderson</u>, 77 F.3d at 366); <u>see also</u> <u>Bailey</u>, 288 Fed. Appx. at 603 (same).

The court is also not required to "parse the complaint" searching for allegations that could conceivably form the basis of Plaintiff's claims. <u>Ferrell v. Durbin</u>, 311 Fed. Appx. 253, 259 (11th Cir. 2009). And the Eleventh Circuit Appeals Court has "charged district courts not to serve as counsel for [*pro se*] litigants or to rewrite their pleadings." <u>Guimarraes v. NORS</u>, 2008 WL 4186970, at *3 (S.D. Fla. September 5, 2008) (citing <u>Lampkin-Asam</u>, 261 Fed. Appx. at 276-77).

The original complaint does not state a claim upon which relief might be granted. As a general rule, "When faced with [such] a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); <u>and see</u> <u>Wagner v. First Horizon Pharmaceutical Corp.</u>, 464 F.3d 1273 (11th Cir. 2006) (reminding district courts of their supervisory obligation to *sua sponte*

15

order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to adequately link a cause of action to its factual predicates)[9]; Johnson Enterprises, 162 F.3d at 1333 ("[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation.").

One of the reasons for *sua sponte* ordering repleader is to ensure compliance with Fed. R. Civ. P. 8 and 10. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). And Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . [E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10(b) (as

---

[9] Rule 12(e) states:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e) (as amended 2007).

16

amended 2007). "These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." <u>Davis v. Coca-Cola Bottling Co. Consolidated</u>, 516 F.3d 955, 980 n.57 (11th Cir. 2008). However, the court does not recommend ordering repleader under the facts presented in this case because Plaintiff has already attempted to replead [Doc. 10][10] the complaint, has again failed to comply with Rules 8 and 10, has again failed to state any claim upon which relief might be granted, and has attached to the complaint what clearly appear on the face of the exhibits to be falsified documents, i.e., form

---

[10]Construing Plaintiff's "motion" as an attempt to amend the complaint without leave of court, the revised complaint is untimely. Rule 15 of the Federal Rules of Civil Procedure, as amended effective December 1, 2009, provides in pertinent part that "A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Defendants' Rule 12(b) motion to dismiss was filed on January 5, 2010, and Plaintiff's revised complaint [Doc. 10] was filed on February 3, 2010, more than twenty-one (21) days later; thus, it was untimely under Rule 15(a)(1)(B).

Rule 15 provides that "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even if the court construed Plaintiff's motion as a motion to amend the complaint pursuant to Rule 15(a)(2), the court, as discussed *infra*, finds that justice does not require allowing amendment of the complaint; rather, it warrants dismissal of the complaint.

documents and other documents in which Plaintiff has inserted information and assertions which have no basis in fact.

The repleaded complaint [Doc. 10] is a perfect example of how "shotgun pleadings 'wreak havoc on the judicial system' and . . . 'divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.'" Ferrell, 311 Fed. Appx. at 259 n.8 (quoting Wagner, 464 F.3d at 1279). In addition to not complying with Rules 8 and 10, and far more serious, is Plaintiff's decision to attach exhibits which from their face appear to have been concocted and falsified by him without any basis in fact, indicating that this action is frivolous and an abuse of the court's process. Paragraph one of the complaint, originally and as revised, states that Plaintiff's claims are based on two of the falsified documents: UCC-3 Amendments, "authorized" by Plaintiff and filed into the official records of Fulton County, at Deed Book 47986, pg. 31 and at Deed Book 47700, pg. 548. [See n.3, supra; and see Doc. 10, pg. 1 ¶ 1 and pp. 30-39, 48-53]. Other falsified forms, referenced in those UCC-3 Amendments, include IRS 1099-A, 1099-OID and 1096 forms. [Id., pp. 40-43].

Accordingly, based on Plaintiff's complaint, as repleaded [Doc. 10], the court **RECOMMENDS** that Defendants' Rule 12(b)(6) motion to dismiss [Doc. 4] be

**GRANTED** and Plaintiff's complaint [Docs. 1-3 and 10] be **DISMISSED WITH PREJUDICE.**[11]

The court **FURTHER RECOMMENDS** that the Clerk of Court be **DIRECTED TO ACCEPT NO NEW FILINGS** against either of the Defendants by Lorenzo E. Porter, **UNLESS** accompanied by full payment of the statutory filing fee and a bond. See Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993) (holding that a court is accorded considerable discretion in determining how to best curb abusive and vexatious litigants); Cello-Whitney v. Hoover, 769 F. Supp. 1155, 1159-60 (W.D. Wash. 1991) (recognizing "the [courts'] inherent power to restrict a litigant's ability to commence abusive litigation *in forma pauperis*"). And see In re May, 2000 WL 1276943, at *4 (S.D. Fla. August 31, 2000) (requiring the posting of

---

[11]Dismissal pursuant to Rule 12(b)(6) is supported by the Eleventh Circuits' decision in Wagner. In Wagner, the district court found that "the problem was not that [the p]laintiffs did not allege enough facts, or failed to recite magic words; the problem lay in the fact that while [p]laintiffs introduced a great deal of factual allegations, the amended complaint did not clearly link any of those facts to its causes." Wagner, 464 F.3d at 1280. The Appeals Court held that "[t]hese observations sound more clearly in Rule 12(e)'s remedy of ordering repleading for a more definite statement of the claim, rather than in Rule 12(b)(6)'s remedy of dismissal for failure to state a claim" where there was also "'no repeated failure on the [plaintiffs'] part to draft a conforming complaint.'" Id. (citation omitted). Here, however, unlike Wagner, the complaint, originally and as repleaded, contains virtually no allegations of fact specific as to Plaintiff, and Plaintiff's original and repleaded complaints have been based on falsified documents.

19

a bond prior to filing new lawsuits); <u>Washington v. Alaimo</u>, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996).

## III.    Conclusion

For the reasons set forth, the court **RECOMMENDS** that Defendants' Motion to Dismiss [Doc. 4] be **GRANTED** and the complaint [Docs. 1-3 and 10][12] be **DISMISSED WITH PREJUDICE**. The court **FURTHER RECOMMENDS** that the Clerk be **DIRECTED** to accept no new filing by Plaintiff Lorenzo E. Porter against either of the Defendants, without payment of the statutory filing fee and a bond.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED** this 24th day of February, 2010.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[12]<u>See</u> Footnote 5, *supra*.

AO 72A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORENZO E. PORTER,

       Plaintiff,

    v.

BANKING BRANCH & TRUST CO
(BB&T) and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS (MERS),

       Defendants.

CIVIL ACTION FILE

NO. 1:09-CV-3656-JEC-JFK

## ORDER FOR SERVICE OF
## FINAL REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rules LR 73 and LCrR 58.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if

AO 72A

applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of the factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S. Ct. 729, 79 L. Ed. 2d 189 (1984).

The clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 24th day of February, 2010.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A