IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA R. CANNON,                          :
                                           :
            Plaintiff,                     :        CIVIL ACTION FILE NO.
                                           :        1:09-CV-03705-JOF-AJB
v.                                         :
                                           :
FIRST BANK MORTGAGE OF                     :
GEORGIA, *et al.*,                         :
                                           :
            Defendants.                    :

ORDER FOR SERVICE OF
REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the

same be filed and a copy, with a copy of this order, be served upon counsel for the

parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any,

to the Report and Recommendation within **fourteen (14)** days of service of this Order.

Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be

served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/8
2)



obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this ___29th___ day of ___July___, 2010.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA R. CANNON,                    :
                                     :
          Plaintiff,                 :        CIVIL ACTION FILE NO.
                                     :        1:09-CV-03705-JOF-AJB
v.                                   :
                                     :
FIRST BANK MORTGAGE OF               :
GEORGIA, *et al.*,                   :
                                     :
          Defendants.                :

UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION

Currently before the Court are the following two motions: (1) a Motion to Dismiss by BAC Home Loans Servicing, L.P., d/b/a Bank of American Home Loans ("Bank of America"),[1] and Mortgage Electronic Registration Systems, Inc. ("MERS"), [Doc. 10]; and (2) a Motion to Dismiss, or alternatively, Motion for a More Definite Statement by First Bank Mortgage, a division of First Bank of Georgia ("First Bank"),[2] [Doc. 16].   For the reasons set forth in this Report and Recommendation, the undersigned **RECOMMENDS** that both motions to dismiss be **GRANTED**.  Since

---

[1]      Bank of America states that the complaint has improperly named it as Bank of American Home Loans.  [Doc. 10 at 1].

[2]      First Bank states that it is misidentified in the complaint as First Bank Mortgage of Georgia.  [Doc. 16 at 1].

AO 72A
(Rev.8/8
2)

First Bank's motion to dismiss should be granted, the undersigned additionally **RECOMMENDS** that First Bank's motion for a more definite statement be **DENIED AS MOOT**.

## *Introduction*

On December 31, 2009, Plaintiff, proceeding *pro se*, filed the instant civil action against the following two Defendants: (1) First Bank; and (2) MERS. [Doc. 1]. Plaintiff then filed a *pro se* amended complaint on February 3, 2010, in which she named an additional Defendant - - Bank of America. [Doc. 6].[3]  In the amended pleading, Plaintiff primarily complains about the circumstances surrounding an April 13, 2006, loan between Plaintiff and First Bank, which allowed her to purchase property located at 406 Illinois Ave. in Atlanta, Georgia ("the Illinois Avenue home").[4] [*See id.* at 1-2]. Although unclear, Plaintiff appears to assert that Defendants

---

[3]  Plaintiff has used a variation of a generic complaint form that is circulating among *pro se* litigants in this Court. *See, e.g.*, Complaint at Doc. 3 in *Martin v. Citimortgage*, 1:10-cv-656; Complaint at Doc. 1 in *Carr v. Mid-Atlantic Financial Services, Inc.*, 1:10-cv-0477-TWT; Complaint at Doc. 1 in *Wade v. Countrywide Home Loans et al.*, 1:09-cv-1783-ODE; Complaint at Doc. 1 in *Ajavon v. Countrywide Home Loans et al.*, 1:09-cv-104-TCB.

[4]  The complaint also appears to inconsistently allege that the loan was to refinance. [Doc. 6 at 2 ("This [is] a refinance[.]")].

2

violated various federal laws,[5] by charging excessive fees, not disclosing closing

documents, and failing to rescind the loan after being given notice.  [*See id.* at 2-3].

On February 25, 2010, MERS and Bank of America filed a motion to dismiss

Plaintiff's amended complaint. [Doc. 10].  On March 23, 2010, Defendant First Bank

moved to dismiss Plaintiff's amended complaint, or alternatively, moved for a more

definite statement. [Doc. 16].  Plaintiff responded to the MERS and Bank of America

motion to dismiss, [Doc. 11], but she did not file any response to the motion to dismiss

by First Bank,[6] [*see* Dkt.].  MERS and Bank of America then filed a reply brief on

March 24, 2010.  [Doc. 15].

---

[5]       Plaintiff lists a number of federal laws throughout the complaint, including: the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.1 *et seq.*; the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601 *et seq.* ("RESPA"); the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"); the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA").  [*See generally* Doc. 1].

[6]       Although Plaintiff has not responded to First Bank's motion to dismiss, the Court will consider the motion on its merits. *See, e.g., Clark v. Deal*, Civ. No. 2:09-cv-0050-RWS, 2009 WL 4899425, *5 (N.D. Ga. Dec. 11, 2009) (Story, J.) (noting that the *pro se* plaintiff failed to respond to a defendant's motion do dismiss but proceeding to address the merits of the defendant's motion); *see also Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (Carnes, J.) (addressing merits of motion to dismiss despite *pro se* plaintiff's failure to timely respond to motion to dismiss).

3

*Facts*[7]

On April 13, 2006, Plaintiff obtained a $112,000 loan from First Bank to purchase the Illinois Avenue residence. [Doc. 6 at 1-2]. This loan was later transferred to Bank of America. [*Id.* at 2].

Prior to or during the loan closing, First Bank did not provide Plaintiff with all disclosures, including the Regulation Z early disclosure statements, the Special Information Booklet, and the Controlled Business Arrangement disclosure. Also, First Bank did not provide Plaintiff with the notices of cancellation or preliminary disclosures in the closing packet. [*Id.* at 2]. Plaintiff additionally appears to allege that First Bank improperly received fees. [*Id.*].

---

[7]   In considering a motion to dismiss under Rule 12(b)(6), courts "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, --- F.3d ----, ----, 2010 WL 2595585, *3 (11th Cir. June 30, 2010); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (noting that all allegations in the complaint are to be taken to be true even if doubtful in fact). However, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal v. Ashcroft*, --- U.S. ---, 129 S. Ct. 1937, 1950-51 (2009)).  Thus, it appears that inferences are drawn in a light most favorable to the plaintiff, unless the Court finds obvious, lawful explanations for the factual allegations. The undersigned does not address this apparent conflict concerning inferences, but instead merely notes its existence.

4

AO 72A
(Rev.8/8
2)

Besides these disclosure and fee problems, Plaintiff alleges that First Bank charged excessive late fees and failed to give an accounting of all payments when Plaintiff requested an accounting. [*Id.* at 3].

Plaintiff sent a rescission letter "to the parties involved" on November 25, 2009. [*Id.* at 2]. Plaintiff contends that MERS does not have standing to foreclose on the Illinois Avenue property. [*Id.* at 3].

### Parties' Contentions

A.    *MERS and Bank of America's Motion to Dismiss*

MERS and Bank of America initially contend that Plaintiff's invocation of the FTC Act, the ECOA, and the FCRA in the prayer for relief is inadequate since Plaintiff has not alleged any facts to support these claims. [Doc. 10 at 2 n.2]. Next, MERS and Bank of America argue that Plaintiff has not alleged any facts to support a TILA violation in that she does not identify which TILA disclosures were omitted. [*Id.* at 3-4]. These two Defendants additionally argue that assuming that Plaintiff raised RESPA claims, she cannot bring claims under 12 U.S.C. §§ 2603 and 2604 because these provisions do not provide for a private right of action or under 12 U.S.C. §§ 2605, 2607, and 2608 because the complaint does not raise them and they are barred by the one-year limitations period. [*Id.* at 4 n.4]. MERS and Bank of America further assert

5

AO 72A
(Rev.8/8
2)

that Plaintiff's TILA claims for damages and rescission are time barred. [*Id.* at 5-6].

Finally, they note that the TILA rescission remedy may be unavailable to Plaintiff if she

used the loan to purchase the property. [*Id.* at 6 n.6].

Using a boilerplate response brief form, Plaintiff responds that her complaint

alleges specific facts to state claims against "Defendant." [Doc. 11 at 1]. She states

that "Defendant" failed to provide a three day rescission, charged excess fees, induced

Plaintiff to sign a promissory note and deed of trust based on false

information. [*Id.* at 2]. Plaintiff asserts that her complaint satisfies the particularity

requirement for pleading fraud.[8] [*Id.* at 3]. Plaintiff asserts that if her complaint is

construed favorably, she can prove a set of facts "in support of [her] claim." [*Id.*].

Plaintiff next contends that a Rule 12(b)(6) motion to dismiss is disfavored and rarely

granted. [*Id.* at 4]. Finally, Plaintiff appears to argue that the she should be given leave

to amend her complaint, unless it is clear that the complaint cannot be saved by an

amendment. [*Id.* at 4-5].

---

[8]     Plaintiff's amended complaint does not raise a fraud claim. [*See generally*
Doc. 6]. As a result, the arguments relating to fraud are irrelevant. Alternatively, if
Plaintiff did intend to raise a fraud claim, the complaint does not clearly indicate that
such a claim is being raised. Given this uncertainty, Plaintiff cannot meet the
specificity requirement under FED. R. CIV. P. 9(b) because the complaint does not "state
with particularity the circumstances constituting fraud."

AO 72A
(Rev.8/8
2)

MERS and Bank of America first reply that Plaintiff has relied on the wrong pleading standard. [Doc. 15 at 2]. They next contend that Plaintiff's response is merely a boilerplate response used by other litigants in this Court. [*Id.* at 3 n.1 (citing Exhs. A-C in Doc. 15)]. MERS and Bank of America also argue that Plaintiff's response does not demonstrate that she sufficiently pleaded TILA claims. [*Id.* at 3-4]. Finally, MERS and Bank of America assert that Plaintiff's failure to address its time bar arguments demonstrates that their arguments on this issue are unopposed. [*Id.* at 4-5].

B.    *First Bank's Motion to Dismiss*

First Bank initially argues that Plaintiff's HOEPA and TILA claims for damages are time barred under the one year statute of limitations and HOEPA and TILA claims for rescission are time barred under the three year statute of repose. [Doc. 16 at 7-9]. First Bank next argues that since Plaintiff has only alleged RESPA violations relating to the closing, these claims are time barred under RESPA's one or three year statute of limitations. [*Id.* at 9-10]. First Bank further argues that RESPA does not apply because Plaintiff's loan was for an investment property. [*Id.* at 10-11]. First Bank additionally argues that Plaintiff's alleged violations of §§ 2603 and 2604 must be dismissed because these statutes do not provide for a private right of action. [*Id.* at 9 n.17]. First Bank contends that the vague claims arising under the FTC Act, the ECOA, and the

7

FCRA are too insubstantial to support a claim or alternatively that the FTC Act does not provide for private rights of action while the ECOA and FCRA claims are time barred. [*Id.* at 11-13]. First Bank finally argues that Plaintiff is not entitled to injunctive relief because her underlying claims are not likely to succeed and the injunctive relief request is not specifically sufficient to meet the four requirements for injunctive relief. [*Id.* at 13-14]. Plaintiff has not filed a response to First Bank's brief. [*See* Dkt.].

### Discussion

A.    *Rule 12(b)(6) Motion to Dismiss Standard*

A party may move to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To state a claim under the Federal Rules, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).  Under the Supreme Court's *Bell Atlantic Corp. v. Twombly*, 548 U.S. 903 (2006), decision and its progeny (*Erickson v. Pardus*, 551 U.S. 89 (2007), and

8

AO 72A
(Rev.8/8
2)

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)), the Rule 8 requirement is satisfied when the complaint contains

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .

*Iqbal*, 129 S. Ct. at 1949 (internal punctuation and citations to *Twombly* omitted). A court "may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1951). This interpretation of the Rule 8 standard applies to *pro se* litigants although *pro se* litigants' complaints are held to less stringent standards and are liberally construed. *See Erickson*, 551 U.S. at 94.

9

B.    *TILA and HOEPA Claims*

1.    *Claims for Damages*

Actions for monetary damages under TILA and HOEPA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e)[9]; *see also Velardo v. Fremont Investment & Loan*, No. 08-12387, 2008 WL 4768850, *2 (11th Cir. Nov. 3, 2008); *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). "The violation 'occurs' when the transaction is consummated." *In re Smith*, 737 F.2d at 1552. When the allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The undersigned concludes that Plaintiff's TILA and HOEPA claims for damages are time barred. These claims arise out of the circumstances surrounding the closing of the April 2006 loan. As a result, Plaintiff had until April 2007 to bring

---

[9]    The Home Ownership and Equity Protection Act amended TILA. *See Byrant v. Mortg. Capital Resource Corp.*, 197 F. Supp. 2d 1357, 1360 & n.4 (N.D. Ga. 2002) (Martin, J.); *see also Frazier v. Accredited Home Lenders, Inc.*, 607 F. Supp. 2d 1254, 1256 (M.D. Ala. 2009). Therefore, the limitation periods for HOEPA and TILA claims are the same. *See also In re Community Bank of Northern Virginia*, 418 F.3d 277, 304-05 (3d Cir. 2005) ("An affirmative action under HOEPA must be brought within one year of the violation . . .and an action for rescission must be brought within three years[.]") (citations omitted).

10

claims for damages against Defendants.  Plaintiff waited, however, until December

2009 and February 2010 to bring these claims.  As a result, the undersigned concludes

that Plaintiff's TILA/HOEPA claims for damages are time barred because they were

brought well past the one year statute of limitations.[10]  Accordingly, the undersigned

**RECOMMENDS** that Plaintiff's TILA/HOEPA claims for damages be **DISMISSED**.

    2.    *Claims for Rescission*

"TILA and HOEPA both allow for [the remedy of] . . . rescission.  *Allen v.*

*United Fin. Mortg. Corp.*, 660 F. Supp.2d 1089, 1094 (N.D. Cal. 2009).  Under

15 U.S.C. § 1635,

> [I]n the case of any consumer credit transaction . . . in which a
> security interest . . . is or will be retained or acquired in any property
> which is used as the principal dwelling of the person to whom credit is

---

[10]    The TILA statute of limitations is subject to equitable tolling. *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998) (finding tolling applies to TILA statute of limitations); *McCarley v. KPMG Int'l*, 293 Fed. Appx. 719, 722-23 n.6 (11th Cir. 2008) (assuming that tolling applies to RESPA statute of limitations). Equitable tolling will be applied only in exceptional circumstances. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).  There is no indication that extraordinary circumstances exist in this case. First, Plaintiff's complaint makes no allegations indicating that there are any exceptional circumstances.  Indeed, that Plaintiff used a form complaint suggests that there were no exceptional circumstances. Second, Plaintiff's response to the motion to dismiss by MERS and Bank of America was merely a form response that failed to address the statute of limitations issue and therefore failed to address tolling. As a result, the face of the complaint demonstrates that Plaintiff's TILA damages claims are time barred.

11

AO 72A
(Rev.8/8
2)

extended, the obligor shall have the right to rescind the transaction . . . by notifying the creditor . . ., in accordance with the regulations . . ., of his intention to do so.

15 U.S.C. § 1635(a). When a consumer has the right to rescind under § 1635, she "may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c). This right to rescission under HOEPA and TILA expires three years after the transaction. *See Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 954-55 (E.D. Mich. 2009).

The undersigned concludes that Plaintiff's TILA/HOEPA rescission claims against Defendants must be dismissed because they are time barred given that Plaintiff waited until after the three year expiration date to seek rescission in court. The loan transaction at issue was consummated in April 2006, which means that Plaintiff had until April 2009 to seek rescission. Plaintiff waited, however, until November 2009 to send a rescission letter "to the parties" and until December 2009 and February 2010 to seek rescission in this Court against Defendants. As a result, Plaintiff's rescission claims are time barred. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's TILA/HOEPA rescission claims be **DISMISSED**.

12

C.   *RESPA Claims*

1.   *Statute of Limitations*

RESPA provides for either a one year or three year statute of limitations depending on the type of claim that a plaintiff brings. *See* 12 U.S.C. § 2614. Plaintiff's RESPA claims appear to relate to the circumstances surrounding (1) the April 2006 loan closing, [*see* Doc. 6 at 2], (2) First Bank's failure "to give an accounting of all payments received when [a]sked in writing as required by law[,] RESPA," [*see id.* at 3]. The RESPA claims relating to the April 2006 closing are clearly time barred because Plaintiff waited until December 2009 to file suit, which is after both the one year and three year statute of limitations periods. However, it is not clear when Plaintiff requested the accounting, so the face of the complaint does not show that the claim involving First Bank's failure to respond to Plaintiff's request for an accounting is time barred. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's RESPA claims against Defendants relating to the April 2006 closing be **DISMISSED**.[11]

---

[11]    The Eleventh Circuit has not decided whether equitable tolling applies to the statutes of limitations for RESPA claims. *See McCarley v. KPMG Int'l*, 293 Fed. Appx. 719, 722-23 n.6 (11th Cir. 2008) (assuming that tolling applies to RESPA statute of limitations). To the extent that the limitations periods can be tolled, they should not be tolled in this case for the same reasons discussed in footnote 10, *supra*.

13

AO 72A
(Rev.8/8
2)

2.      *12 U.S.C. § 2605(e)*

As for the RESPA claim concerning First Bank's failure to provide an accounting of payments upon the written request, this claim appears to arise under 12 U.S.C. § 2605(e).  Although First Bank did not explicitly seek dismissal of this

14

claim,[12] the undersigned concludes for the reasons that follow that the claim should be

dismissed *sua sponte*.

_____

[12]      First Bank generally has argued that the RESPA claims must be dismissed because Plaintiff's loan was for an investment property. [*See* Doc. 16 at 10-11]. Plaintiff's complaint does not indicate, however, that the loan was for an investment property. [*See generally* Doc. 6]. Instead, First Bank has made a self-serving "admission" in its brief that Plaintiff sought the loan for an investment property and treats this statement as an admission. The undersigned declines to treat First Bank's statement as an admission for the reasons that follow.

A court may consider a statement in a party's brief as an admission of fact. *See Watson v. Lockette*, No. 09-16288, 2010 WL 1896370, *3 (11th Cir. May 12, 2010) (citing *Young & Vann Supply Co. v. Gulf, F. & A. Ry. Co.*, 5 F.2d 421, 423 (5th Cir. 1925)); *Tucker v. Housing Auth. of Birmingham Dist.*, 507 F. Supp. 2d 1240, 1275 (N.D. Ala. 2006). However, it is within the court's discretion whether to treat a statement in a brief as judicial admission. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988). In considering whether a statement should be a judicial admission, the admission should "relate to factual assertions made by one party concerning matters peculiarly within its knowledge or control, that is facts the declarant is best situated to know and attest to in managing its affairs, as opposed to facts uniquely known or controlled by an adversary party." *Banks v. Yokemick*, 214 F. Supp. 2d 401, 406-07 (S.D.N.Y. 2002). Also, "[a] man [generally] cannot make evidence for himself by writing . . . the statements that he wishes to prove." *A.B. Leach & Co. v. Peirson*, 275 U.S. 120, 128 (1927).

The undersigned does not treat First Bank's statement that Plaintiff's loan was for an investment property as a judicial admission. The statement is self-serving. If accepted, First Bank would benefit from a statement that has no support in Plaintiff's amended complaint. Also, it is not clear how First Bank's counsel has any knowledge of Plaintiff's intent for obtaining the April 2006 loan. As a result, the undersigned will not treat First Bank's "admission" that Plaintiff obtained the April 2006 loan for an investment property as a judicial admission.

15

AO 72A
(Rev.8/8
2)

RESPA requires a loan servicer to respond to borrower inquiries as follows:

(e) Duty of loan servicer to respond to borrower inquiries

   (1) Notice of receipt of inquiry

      (A) In general

      If any servicer of a federally related mortgage loan receives a qualified written request[13] from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

      . . .

   (2) Action with respect to inquiry

      Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

      (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit

---

[13]    A "qualified written request" is "a written correspondence" that (1) "includes, or otherwise enables the servicer to identify, the name and account of the borrower"; and (2) "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."   12 U.S.C. § 2605(e)(1)(B)(i), (ii).

16

to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

. . .

12 U.S.C. § 2605(e).  Plaintiff's complaint does not state a claim under § 2605(e) because she has not alleged facts to demonstrate that she made a qualified written request for an accounting.  Plaintiff's complaint essentially argues that she was entitled to an accounting because she requested one in writing. [*See* Doc. 6 at 3 ("First Bank

17

AO 72A
(Rev.8/8
2)

. . . [has] failed to give an accounting of all payments received when [a]sked in writing as required by law.  RESPA[.]")].  This does not show that she provided sufficient information for the First Bank to identify the account or to show that there was an error in the account.  *See* 12 U.S.C. § 2605(e)(1)(B).  Without such allegations, Plaintiff has not alleged facts to show that she made a qualified written request, so she has not stated a claim under § 2605(e).  *See Orozco v. DHI Mortg. Co. LTD, LP*, No. 09-cv-1894, 2010 WL 2757283, *6 (S.D. Cal. July 13, 2010) ("[I]t is not clear that the letter sent by Plaintiff include[d], or otherwise enable[d] the servicer to identify, her name and account. . . . This allegation is essential to the plausibility of Plaintiff's right to relief.") (citation and internal quotation marks omitted); *Pettie v. Saxon Mortg. Servs.*, No. 08-cv-5089, 2009 WL 1325947, *2 (W.D. Wash. May 12, 2009) (dismissing § 2605(e) claim where letter did not show justification for belief that error existed in the amount

18

AO 72A
(Rev.8/8
2)

due on loan).[14]   Accordingly, the undersigned **RECOMMENDS** that Plaintiff's apparent claim under § 2605(e) be **DISMISSED** *sua sponte*.[15]

---

[14]   Also, to the extent that Plaintiff seeks an accounting for a violation of RESPA, she is not entitled to one because courts have determined that an accounting is not a remedy for a violation of § 2605. *Gaitan v. Mortgage Elec. Registration Sys.*, No. 09-cv-1009, 2009 WL 3244729, *13 (C.D. Cal. Oct. 5, 2009); *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 1:10-cv-184, 2010 WL 2629899, *8 (E.D. Cal. June 29, 2010) ("[S]ection 2605 . . . does not provide for an accounting."); *Carrillo v. Bank of New York*, No. 09-cv-61642, 2009 WL 5708925, *4 (S.D. Fla. Dec. 22, 2009) ("[T]he remedy provisions under Section 2605 include damages and costs, but not accounting.").

[15]   A court may not *sua sponte* dismiss claims under Rule 12(b)(6) "where: 1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir. 1983)). None of these circumstances will be present when the District Court issues its order, thereby allowing the Court to *sua sponte* dismiss the § 2605(e) claim. First, Plaintiff no longer has a right to file an amended complaint as a matter of course because she filed an amended complaint prior to the motions to dismiss being filed. *See* FED. R. CIV. P. 15(a)(1), (2). Second, Plaintiff filed the same boilerplate complaint as many other litigants suggesting that her claims were not brought in good faith. Third, this Report and Recommendation ("R&R") will serve as notice of the District Court's intention to *sua sponte* dismiss the § 2605(e) claim against First Bank. *See Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.); *see also Shivers v. International Broth. of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. 2008) (approving *sua sponte* grant of summary judgment where R&R recommended dismissal *sua sponte* and court gave notice for plaintiff to respond to R&R). As a result, the undersigned concludes that the District Court may *sua sponte* dismiss the § 2605(e) claim against First Bank.

19

AO 72A
(Rev.8/8
2)

3.      *12 U.S.C. § 2603*

Defendants contend that Plaintiff cannot raise claims under 12 U.S.C. § 2603

because this provision does not provide for a private right of action. [Doc. 10 at 4 n.4;

Doc. 16 at 9 n.17]. Section 2603 requires a lender: (1) to use a standard form for the

statement of settlement costs; and (2) to make available for inspection the standard form

to the borrower. *See* 12 U.S.C. § 2603(a), (b). A borrower may not bring a claim for

a violation of § 2603 because this provision does not provide for a private right of

action. *See Morrison v. Brookstone Mortg. Co, Inc.*, 415 F. Supp. 2d 801, 806 (S.D.

Ohio 2005); *Bloom v. Martin*, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994); *see also Rush

v. Am. Home Mortg., Inc.*, Civ. Action No. 07-cv-0854, 2010 WL 1418000, *6 (D. Md.

Apr. 6, 2010); *Weingartner v. Chase Home Fin., LLC*, --- F. Supp.2d ----, ----,

2010 WL 1006708, *8 (D. Nev. Mar. 15, 2010). Therefore, to the extent that Plaintiff

intended to raise claims under § 2603, she cannot. Accordingly, the undersigned

**RECOMMENDS** that Plaintiff's § 2603 claims be **DISMISSED**.

4.      *12 U.S.C. § 2604*

Plaintiff complains that Defendants did not provide the "Special Information

Booklet, containing consumer information." [Doc. 6 at 2]. Defendants argue that

RESPA does not authorize a civil action for failing to provide this booklet as required

20

by 12 U.S.C. § 2604. [Doc. 10 at 4 n.4; Doc. 16 at 9 n.17]. Under 12 U.S.C. § 2604,

a lender "shall provide" within 3 days of a loan application a booklet to help borrowers

understand the cost of real estate settlement services. 12 U.S.C. § 2604(d). Courts

have uniformly concluded that an individual cannot bring a civil action when a lender

fails to provide this booklet because RESPA does not authorize such a suit by the

borrower. *See, e.g.*, *Dixon v. Countrywide Home Loans, Inc.*, --- F. Supp.2d ----,

2010 WL 1838658, *3 (S.D. Fla. May 7, 2010) ("Section 2604 (which requires the

provision of . . the HUD special information booklet) does not provide a private cause

of action."); *Price v. EquiFirst Corp.*, No. 1:08-cv-1860, 2009 WL 917950 at *5 (N.D.

Ohio, Apr. 1, 2009); *cf. Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997)

(holding that there is no private right of action for a violation of 12 U.S.C. § 2604(c)).

As a result, the undersigned concludes that Plaintiff cannot state a claim against

Defendants for not receiving the special information booklet. Accordingly, the

undersigned **RECOMMENDS** that the 12 U.S.C. § 2604 claim against Defendants be

**DISMISSED**.

    C.    *FTC Act, ECOA, and FCRA*

    Defendants argue that Plaintiff has not stated claims under the FCRA, the ECOA,

and the FTC Act. [Doc. 10 at 2 n.2; Doc. 16 at 11-13]. The undersigned agrees. First,

AO 72A
(Rev.8/8
2)

the undersigned concludes that Plaintiff has not pleaded facts to demonstrate that Plaintiff suffered injury "from [Defendants' v]iolations of 5(c) of . . . [t]he FTC Act, . . . from [v]iolations of 5(a) of the FTC Act, . . . the ECOA's Regulation B, and the FCRA." [Doc. 3 at 5]. When faced with similar allegations in a similar complaint, the District Court for the Middle District of Georgia stated that the complaint could not survive because it "solely consist[ed] of legal conclusions that Defendants violated the particular statutes" and provided no "specific factual bases to support these claims." *Bowen v. GMAC Mortg., LLC*, No. 5:10-cv-36, 2010 WL 1740779, *2 (M.D. Ga. Apr. 28, 2010).[16] As such, Plaintiff in this case has not stated claims against Defendants under these statutes by merely listing them in the prayer for relief section of the complaint. *See id.*

Also, the undersigned is persuaded that the *Bowen* Court's alternative basis for finding that the plaintiff did not state a claim applies equally to Plaintiff's claims against Defendants in this case. In *Bowen*, the District Court stated:

> The essence of Plaintiff's factual assertions-that he never received all the necessary disclosure documents at the closing of his Loan and that he was charged excessive fees-have no relation to the pertinent statutes. The

---

[16]    The Complaint in *Bowen v. GMAC Mortg.*, 5:10-cv-36, is materially similar to the one filed by Plaintiff in the instant case. *See* Complaint within Notice of Removal at Doc. 1 in *Bowen*.

22

> FTCA prohibits unfair competition and deceptive practices affecting commerce, the ECOA prohibits discrimination with respect to credit transactions, and the FCRA regulates how consumer credit information is collected, used, and shared.

*Id.*, 2010 WL 1740779 at *3. Similarly, the essence of Plaintiff's case is that Plaintiff did not receive disclosures and was charged excessive fees. As such, the Court concludes that Plaintiff has not stated claims against Defendants under the FTC Act, the ECOA, and the FCRA. *See id.* Accordingly, the undersigned **RECOMMENDS** that the FTC Act, ECOA, and FCRA claims against Defendants be **DISMISSED**.

D.    *Injunctive Relief*

First Bank requested dismissal of Plaintiff's request for injunctive relief. [Doc. 16 at 13-14]. Since Plaintiff has not stated any claims against Defendants, she

23

AO 72A
(Rev.8/8
2)

is not entitled to injunctive relief.[17] As such, the undersigned **RECOMMENDS** that

First Bank's motion to dismiss the injunctive relief be **GRANTED**.

    E.    *Leave to Amend the Complaint*

    Plaintiff's boilerplate response to the motion to dismiss by MERS and Bank of

America appears to seek leave to amend if the claims are dismissed. [Doc. 11 at 4-5].

Additionally, the Eleventh Circuit has stated "that district courts [should] not dismiss

a complaint with prejudice without first giving the [*pro se*] plaintiff an opportunity to

amend the complaint if a more carefully drafted complaint might state a claim." *See*

*Taylor v. McSwain*, 335 Fed. Appx. 32, 33 (11th Cir. 2009) (citing *Bank v. Pitt*,

928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v.*

---

    [17]    Also, the Court notes that Plaintiff is not entitled to a permanent injunction due to violations of TILA or RESPA because such injunctive relief is not available to a private litigant under these statutes. The Eleventh Circuit has held that TILA does not "confer upon private litigants an implied right to an injunction or other equitable relief." *Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008). Also, courts have determined that RESPA does not provide for injunctive relief. *Montes v. Quality Loan Service Corp.*, No. 09-cv-5864, 2010 WL 114485, *2 (C.D. Cal. Jan. 5, 2010) (holding that "rescission is not an available remedy for a failure to respond under § 2605"); *Minter v. Wells Fargo Bank, N.A.*, 593 F. Supp. 2d 788, 796 (D. Md. 2009) ("[T]his Court finds that there is no private right to injunctive relief under RESPA.") (citing *Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 334 (M.D.N.C. 2002)); *see also* 12 U.S.C. § 2607(d)(4) (providing for injunctive relief for RESPA violations only by governmental officials). As a result, Plaintiff is not entitled to a permanent injunction as a remedy for violations of TILA or RESPA.

24

AO 72A
(Rev.8/8
2)

*Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*)). "Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim." *Jemison v. Mitchell*, No. 09-15635, 2010 WL 2130624, *2 (11th Cir. May 27, 2010). Plaintiff should not be afforded an opportunity to amend in this case. First, Plaintiff's canned/generic/boilerplate complaint demonstrates that she likely filed suit to forestall the foreclosure of or dispossession from the Illinois Avenue residence. Second, most of Plaintiff's TILA and RESPA claims relate to circumstances surrounding the April 2006 closing. As discussed in detail above, the claims are time barred, so a more carefully drafted complaint will not state a claim under these provisions. Accordingly, the undersigned **RECOMMENDS** that the District Court **NOT PROVIDE** Plaintiff with an opportunity to amend her complaint.

F.     *Rule 12(e) Motion for a More Definite Statement*

First Bank has requested that Plaintiff provide a more definite statement relating to the ECOA and FCRA claims. [Doc. 16 at 15]. Since these claims should be dismissed for failure to state a claim, there is no need for Plaintiff to provide a more definite statement. Accordingly, the undersigned **RECOMMENDS** that First Bank's motion for a more definite statement be **DENIED AS MOOT**.

25

*Conclusion*

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court: (1) **GRANT** the motion to dismiss filed by MERS and Bank of America, [Doc. 10]; (2) **GRANT** the motion to dismiss filed by First Bank, [Doc. 16]; (3) **DENY AS MOOT** First Bank's alternative motion for a more definite statement, [Doc. 16]; (4) *sua sponte* **DISMISS** Plaintiff's 12 U.S.C. § 2605(e) claim against First Bank; and (5) **NOT PROVIDE** Plaintiff an opportunity to amend her complaint.   Since the undersigned recommends dismissal of all claims brought against Defendants, the Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 29th day of July, 2010.

_____

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

26