ORIGINAL

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 0 6 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| PAULETTE L. CARRUTHERS, ) | |
| ) | Civil Action FILE NO. |
| In Propria Persona Sui Juris, ) | 1:10-CV-3123-CAP-ECS |
| ) | |
| v. ) | **PLAINTIFF'S OPPOSITION** |
| ) | **TO DEFENDANT'S MOTION** |
| BAC HOME LOANS SERVICING, LP ) | **TO DISMISS COMPLAINT** |
| FKA COUNTRYWIDE HOME ) | |
| LOANS SERVICING LP ) | |
| Defendant ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

PLAINTIFF, PAULETTE L. CARRUTHERS, hereby files this Brief in support of

Defendant's **Motion to Dismiss AMENDED COMPLAINT** and **Brief of**

**Defendant**, and as grounds thereof would state:

### RESPONSE TO MOTION TO DISMISS, FACTS:

PLAINTIFF, PAULETTE L. CARRUTHERS, being duly sworn, depose and say:

1. Defendant did not enter into any transaction with Defendant nor did I receive any consideration.

2. Defendant's Motion should also be dismissed by the Court because of Defendant's failure to register as a foreign corporation under Georgia laws or appoint an agent for service of process. Despite that, Defendant misused Georgia's Superior Court to file its Notice of Removal of the case from Superior Court to Federal Court.

3. Defendant, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, is not the real party in interest in this case and is not shown to be authorized to bring this foreclosure action.

4. OPPORTUNITY TO AMEND DEFECTIVE PLEADINGS. --Under the Civil Practice Act (see O.C.G.A. Ch. 11, T. 9), a party is to be given notice and an opportunity to amend defective pleadings where such notice will facilitate a decision on the merits. McDonough Constr. Co. v. McLendon Elec. Co., 242 Ga. 510, 250 S.E.2d 424 (1978).

5. A pro se complaint should be construed more liberally than formal pleadings drafted by lawyers. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

6. The purported Assignment from MERS to the Defendant, which the Defendant supplied in their **EXHIBIT.**

7. It is not sufficient to plead merely that the loan was "assigned." See: *Jeff-Ray Corp. v. Jacobson*, 566 So.2d 885 (Fla. 4th DCA 1990); see also, *Progressive Express Ins. co. v. McGrath Comm. Chiro.* 913 So.2d 1281 (Fla. 2d DCA 2005).

OCGA Sec. 44-14-64(d)(1)-(3)The relevant section reads " by a financial institution having deposits insured by an agency of the federal government or a transfer by a lender who regularly purchases or services residential real estate loans aggregating a minimum of $1 million secured by a first deed to secure debt encumbering real estate improved or to be improved by the construction thereon of one to four family dwelling units, where the transferor retains the right to service or supervise the servicing of the deed or interest therein, need not be recorded if:"

So to qualify for the exemption one must satisfy one of the two requirements below.

- Have deposits insured by a agency of the Federal Government
- Lender who regularly purchases or services residential real estate loans aggregating a minimum of $1 million secured by a first deed to secure debt.

Judicial estoppel would prevent MERS from pleading they are a lender or servicer and MERS certainly does not have deposits insured by a Federal Agency.

Therefore MERS is required to record every transfer on their paperless system that is between entities that do not qualify for the exemptions previously stated.

If this is correct then MERS Security Deed is lacking an assignment or two that is not recorded in violation of the statute and the last recorded MERS assignment has the legal effect of transferring nothing.

The Nebraska court reached this conclusion based on the submissions by counsel for MERS that "MERS does not take applications, underwrite loans, make decisions on whether to extend credit, collect mortgage payments, hold escrows for taxes and insurance, or provide any loan servicing functions whatsoever." in *Landmark Nat Bank v. Kesler, 216p. 3D 158-2009*

8. The standard MERS language in the Security Deed provides that "MERS is a separate corporation and is the beneficiary". However, this language ONLY appears in the Security Deed; it DOES NOT APPEAR IN THE NOTE. However, the standard MERS assignment none the less purports to transfer not only the Security Deed but also the Note without any authority for doing so

9. The Defendant attempts to rely on a MERS assignment. The rule of law is clear: as the note does not provide MERS with any authority of any kind, MERS, notwithstanding its claimed status as "nominee" under the Security Deed or assignment, CANNOT transfer the Note as it has no legal authority to do so, and thus any party seeking to foreclose based on a MERS assignment is seeking to do so without proper legal standing as it is not the real party in interest as to the Note.

"The trial judge has no right whatever to weigh the evidence, nor to decide any issue of fact. Before he can legally direct a verdict for the defendants, he must find from the evidence that there is no evidence of any kind supporting plaintiff's position.[Cits.]" - in Russell v. Goza, 1977

10. The Defendant admits to be holder in due of the Promissory Note and the Security Deed. Let the Defendant bring it forth, so Plaintiff can authenticate it and have nothing to hide.

11. The chain of Title is in question, let discovery continue because This Honorable Court has jurisdiction over this suit on the grounds that this action arises under violations of Section 5(a) (3) of the Securities Investor Protection Act of 1970, which may, in and of itself, operate as a stay and is applicable to the Defendant. The National Currency Act 1864-1972 Sections 27, 28, 53. Title 18 Part I Chapter 31 Sections 655 and 656. The Truth in Lending Act as stated in United States Code Title 15 Chapter 41 Subchapter I Part A Section 1601 et. seq; Code Federal Regulation Title 12 Banks and Banking Chapter 2 Subchapter A Part 226. Commerce and Trade Title 15 Chapter 41 Subchapter V Sections 1692d, 1692e (5) (7) (9), 1692g, 1692k and 1692l. United States Code Title 12 Chapter 27 Sections 2601-2617 of the Real Estate Settlement Procedure Act of 1974. Single Family Mortgage Foreclosure Title 12 Chapter 38A Sections 3751-3768. Securities Act of 1933 United States Code Title 15 Section 77a et seq; Securities Act of 1934, Civil Liability Contribution Act 1978 for Contribution, Reimbursement and Restitution, and the Merchant Marine Act of 1936 Title 46 Appendix App Chapter 27 Section 1247.

## RESPONSE TO MOTION TO DISMISS, FACTS:

**RESPONSE TO:** *The Amended Complaint fails to comply with the Federal Rules' permissive pleading requirements.*

12. Plaintiff seeks declaratory relief, in the interest of justice, respectfully prays the court, for all incorporated statements from 1- 11, as follows:

13. In this action, pursuant to 42 U.S.C. § 1983, the plaintiffs seek to vindicate their Fifth Amendment rights as applied to the State of Georgia under the 14th Amendment.

14. The judges willingly, wittingly and by their own admission engaged in a course of non-judicial conduct to accelerate foreclosure in contested cases by relying upon defective pleadings and deficient supporting documentation which fail to show that the Defendant bringing foreclosure was either the mortgage creditor or acting on behalf of the mortgage creditor.

15. Instead, defendants intentionally rely upon documentation they believe to be incomplete or incorrect to render judgment. In contested cases, the Court intentionally ignores deficient and defective documents whose deficiencies would be apparent from a cursory inspection of the documents. We pray this court is not one of them.

16. Some Courts also admits it fails to compel Defendant' counsel in foreclosure to

comply with court orders regarding the submission of documents. The Court has stated that its conduct has been necessitated by a lack of funds. Such judicial acts are unconscionable and unconstitutional. We pray this court is not one of them.

***RESPONSE TO:*** *The Amended Complaint fails to state any actionable claim.*

17. Plaintiff seeks declaratory relief, in the interest of justice, respectfully prays the court, for all incorporated statements from 1-16, as follows:

18. The Defendant has taken my property away from me without validating or verifying the debt or being registered in the state of Georgia to do business.

**RESPONSE TO:** *The Complaint fails to state a claim upon which relief can be granted, making it ripe for dismissal pursuant to Rule 12(b)(6).*

19. OPPORTUNITY TO AMEND DEFECTIVE PLEADINGS. --Under the Civil Practice Act (see O.C.G.A. Ch. 11, T. 9), a party is to be given notice and an opportunity to amend defective pleadings where such notice will facilitate a decision on the merits. McDonough Constr. Co. v. McLendon Elec. Co., 242 Ga. 510, 250 S.E.2d 424 (1978).

20. A pro se complaint should be construed more liberally than formal pleadings drafted by lawyers. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

21. "The trial judge has no right whatever to weigh the evidence, nor to decide any issue of fact. Before he can legally direct a verdict for the defendants, he must find from the evidence that there is no evidence of any kind supporting plaintiff's position.[Cits.]" - in Russell v. Goza, 1977

22. "Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication.[Cit.]" - in Charter Builders v. Sims Crane Serv., 1979

**RESPONSE TO:** *Any Truth in Lending Act ("TILA") claim is time-barred.*

23. Upon information and belief, Defendant and/or its predecessor(s) in interest, were ordered against Prohibited Business Practices by the Federal Trade Commission against the Defendant, on June 7th, 2010. This is when I find out about the Defendant involvement.

24. **Extortionate Extension of Credit:** Upon information and belief, Defendant and/or its predecessor(s) in interest are guilty of an extortionate extension of credit pursuant USC TITLE 18 PART 1, CHAPER 42 §891(7), US CODE, which defines it as "An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." In this case, Plaintiff and/or its predecessor(s) in interest are guilty of such an extension of

credit because at the time of the loan, it was understood that Plaintiff' failure to repay the loan could result in the use of criminal means by the Defendant to cause harm to Plaintiff or others' persons, reputation or property, including trespass on Plaintiff's property, perjury, mail and wire fraud, and Racketeer Influenced and Corrupt Organization (RICO) violations, as long as Defendant and/or its predecessor(s) in interest thought they would not be caught.

25. Truth in Lending Act must be strictly construed and liability imposed for any violation, no matter how technical. Truth in Lending Act Section 102 et seq., as amended, 15 U.S.C. Section 1601 et seq, Abele v. Mid-Penn Consumer Discount. 77 B.R. 460, affirmed S45 F.2d 1009.

26. The equitable tolling principles are to be read into every federal statute of limitations unless Congress expressly provides to the contrary in clear and ambiguous language, (See Rotella v. Wood, 528 U.S. 549, 560-61, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000)). Since TILA does not evidence a contrary Congressional intent, its statute of limitations must be read to be subject to equitable tolling, particularly since the act is to be construed liberally in favor of consumers.

27. The Defendant has violated the Truth in Lending Act, against me, because of Breach of Fiduciary Duties of the contract

28. To determine whether an extension of credit falls within that exemption, the court "must examine the transaction as a whole and the purpose for which the credit was extended." Tower v. Moss, 625 F.2d 1161, 1166 (5th Cir.1980).

29. **Rescission**. The mortgage and note which is the subject of this action have been rescinded and therefore the mortgage(s) and note(s) are void.

**RESPONSE TO:** *Plaintiff does not state a RESPA claim against BAC.*

Violation of RESPA.

30. Upon information and belief, Defendant and/or Defendants and/or its predecessor(s) in interest violated various provision of the Real Estate Settlement Procedure Act ("RESPA"), which is codified at 12 U.S.C. section 2601, et seq. by, interalia:

31. Failing to provide the Housing and Urban Development (HUD) special information booklet, a Mortgage Servicing Disclosure Statement and Good Faith Estimate of settlement/closing costs to Plaintiff at the time of the loan application or with three (3) days thereafter;

32. Failing to provide Plaintiff with an annual Escrow Disclosure Statement for each of year of the mortgage since its inception;

33. Giving or accepting fees, kickbacks and/or other things of value in exchange for referrals of settlement service business, and splitting fees and receiving unearned fees for services not actually performed;

34. Charging a fee at the time of the loan closing for the preparation of truth-in-lending, uniform settlement and escrow account statements.

35. The Defendant has violated the Real Estate Settlement Procedure Act, because of failure to fully disclosure all parties involved, and violates Breach of Contract and this contract is rescinded.

Prohibited Business Practices by the Federal Trade Commission against the Defendant, on June 7th, 2010, reads as follows:

36. "IT IS THEREFORE ORDERED that Defendants, their officers, employees, agents, representatives, and all other Persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the Servicing of any Loan in default"

37. "Misrepresenting, expressly or by implication, the status of the Loan or amounts owed on the Loan, including but not limited to the amount of any

Monthly Payment, Fee claimed or assessed, Escrow Shortage, or Escrow Deficiency;"

38. "Misrepresenting, expressly or by implication, that any payment or Fee is allowed under the Loan Instruments or permitted by law;"

**RESPONSE TO:** *Any claim under the Fair Debt Collection Practices Act ("FDCPA") fails as a matter of law.*

39. The Defendant is trying to foreclose, against me, without authenticating the TRUE Holder in Due Course of the Mortgage Deed or Promissory Note, which violates the Fair Debt Collecting Act and Truth in Lending Act.

40. The Defendant has taken my property away from me without validating or verifying the debt or being registered in the state of Georgia to do business.

41. The Defendant has committed fraud against me, claiming to be Holder in due course, of the Title and not validating or verifying the debt or having legitimate proof.

42. The Defendant has no legal standing to do this against me or my property, because they are not the Holder in due course, of the Promissory Note or having legitimate proof.

43. It is not sufficient to plead merely that the loan was "assigned." See: *Jeff-Ray Corp. v. Jacobson*, 566 So.2d 885 (Fla. 4th DCA 1990); see also, *Progressive Express Ins. co. v. McGrath Comm. Chiro.* 913 So.2d 1281 (Fla. 2d DCA 2005).

Prohibited Business Practices by the Federal Trade Commission against the Defendant, on June 7th, 2010, reads as follows:

44. "IT IS THEREFORE ORDERED that Defendants, their officers, employees, agents, representatives, and all other Persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the Servicing of any Loan in default"

45. "Misrepresenting, expressly or by implication, the amount, nature, or terms of any Fee or other condition or requirement of any Loan; and Making any representation, expressly or by implication, about the status of the Loan, amounts owed on the Loan (including but not limited to the amount of any Monthly Payment, Fee claimed or assessed, Escrow Shortage, or Escrow Deficiency), the date that any payment or Fee is."

## Violation of Unfair and Deceptive Debt Collection Practices.

46. Upon information and belief, in addition to the facts alleged in the preceding paragraphs, the Defendant and/or its predecessor(s) in interest also violated the Fair Debt Collection Practices Act, 15 USC 1692. by:

47. Failing to promptly and/or properly pay taxes or insurance premiums when due, so that the maximum tax discount available to Plaintiff could be obtained on Plaintiff' property and so that insurance coverage on the property would not lapse.

48. Failing to provide Plaintiff with an annual statement of the escrow account kept for payment of taxes and insurance.

49. Failing to properly disclose at or prior to closing all costs, fees and expenses associated with the loan;

50. Charging excessive fees and making payments of fees to parties not entitled to receive them;

51. Obtaining a yield spread premium (YSP) based upon the "selling" of a higher interest rate, and/or non disclosure of the range of interest rates for which Plaintiff qualified.

52. All such actions by Defendant and/or its predecessor(s) in interest are unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of 15 USC 1692, and entitle the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff to a setoff, recoupment or civil penalty, nominal and actual damages, attorney's fees and costs.

53. **Unconscionability.** In light of all of the foregoing defenses, and on the face of the purported loan documents, the terms and circumstances of the Note and Mortgage were unconscionable when made and were unconscionably exercised, it is unconscionable to enforce the Mortgage by foreclosure.

### Fraud in The Inducement.

54. Defendant alleges ownership of the note and mortgage in question.

55. Defendant is liable for actions of Defendant and/or its predecessor(s) in interest and/or its agents.

56. Defendant and/or its predecessor(s) in interest and/or its agents made false statements and/or omissions regarding a material fact;

57. Defendant and/or its predecessor(s) in interest and/or its agents knew or should have known the representation was false;

58. Defendant and/or its predecessor(s) in interest and/or its agents intended that the representation induce plaintiff to act on it;

59. Plaintiff suffered damages in justifiable reliance on the representation, the superior bargaining and financial power that Defendant has over Plaintiff.

### IN CONCLUSION

The Courts have long held that Pro Se pleadings are to be read liberally and if there is relief available that I have failed to request, the Courts should be lenient and the Pro Se litigant should be afforded that available relief. Plaintiff is invoking Her Rights and Immunities guaranteed her by both The State of Georgia Constitution and The Constitution of the United States of America, and Moves the Court to deny Defendant's motion to Dismiss.

PLAINTIFF, PAULETTE L. CARRUTHERS, hereby files this OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT. The above issues of fact require this Court to deny Defendant's motion to dismiss in its entirety,

RESPECTFULLY SUBMITTED this 6th day of December, 2010

PAULETTE L. CARRUTHERS
In Propria Persona Sui Juris
195 14th STREET, 701
ATLANTA, GA. 30309
404-663-8449

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that I have this day served a copy of the within and foregoing upon all parties to this matter via by U.S. Certified Mail to Defendant as follows:

DARREN E. GAYNOR
PARKER, HUDSON, RAINER & DOBBS, LLP
1500 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVE., NE
ATLANTA, GEORGIA 30303

This 6th day of December, 2010.

PAULETTE L. CARRUTHERS
IN Propria Persona Sui Juris
195 14th STREET, 701
ATLANTA, GA. 30309
404-663-8449

STATE OF GEORGIA
COUNTY OF FULTON

BEFORE ME personally appeared PAULETTE L. CARRUTHERS who, being by me first duly sworn and identified in accordance with Georgia law, did execute the foregoing in my presence this 6th day of December, 2010.

Francine T. Allen
Notary Public
My commission expires: MY COMMISSION EXPIRES ON OCT 8 2011